UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK PORTER<br>8170 Mid Haven Rd.<br>Baltimore, MD 21222<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CENTRAL INTELLIGENCE AGENCY<br>Washington, D.C. 20505<br><br>　　Serve: General Michael V. Hayden,<br>　　　　　Director<br><br>　　Serve: United States Attorney<br>　　　　　District of Columbia<br>　　　　　555 Fourth Street, NW<br>　　　　　Washington, DC 20530<br><br>　　Serve: United States Attorney General<br>　　　　　950 Pennsylvania Avenue, NW<br>　　　　　Washington, DC 20530-0001<br><br>　　Serve: United States Department of Justice<br>　　　　　950 Pennsylvania Avenue, NW<br>　　　　　Washington, DC 20530-0001<br><br>　　　　Defendant. | Civil Action No. 1:07CV00133<br><br>**JURY TRIAL DEMAND** |

## **AMENDED COMPLAINT**

　　1.　　This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. §522, as amended, to compel the production of records concerning Plaintiff's personnel file.

　　2.　　This Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## **PARTIES**

3.      Plaintiff Mark Steven Porter is a United States citizen and a resident of the state of Maryland. Plaintiff is the requester of the withheld records.

4.      Defendant CENTRAL INTELLIGENCE AGENCY is an agency of the United States, and has possession of and control over the records that Plaintiff seeks.

## STATEMENT OF FACTS

5.      On or about November 7, 2005 pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq., Plaintiff sought documents related to his personnel file. Plaintiff requested in writing information regarding his request number 01570 which was previously sent to the Agency in 1997 by previous counsel. Subsequently, the Agency responded to the Plaintiff on November 20, 1997 and informed him of an anticipated delay due to 400 other appeals which take precedence over Plaintiff's request. A true and correct copy of Plaintiff's requests is attached hereto as Exhibit 1.

6.      On or about May 4, 2006 Plaintiff requested the Agency inform him of the status of his request and included a signed authorized statement requesting the Agency forward his request to his representative. A true and correct copy of Plaintiff's requests is attached hereto as Exhibit 2.

7.      By letter dated May 23, 2006 the Agency attached a copy of their April 1, 1998 response which Defendant denied Plaintiff's request for documents. The Agency stated that there were no records available to the Plaintiff under FOIA or the Privacy Act. A true and correct copy of Defendant's May 23, 2006 letter is attached hereto as Exhibit 3.

8.      By letter dated August 21, 2006 Plaintiff appealed the denial of access to documents relating to Plaintiff's file. The Plaintiff requested the information be sent to him

within 20 days of receipt. A true and correct copy of Plaintiff's August 21, 2006 letter is attached hereto as Exhibit 4.

9.　　By letter dated September 7, 2006 Defendant rejected Plaintiff's appeal, because it is unlikely they can respond to the request within 20 days. A true and correct copy of Defendant's September 7, 2006 letter is attached hereto as Exhibit 5.

10.　　Finally, in a letter dated October 19, 2006 Defendant's again reject Plaintiff's request. The defendant's denied Plaintiff's request pursuant to FOIA exemptions (b)(1) and (b)(3). A true and correct copy of Defendant's October 19, 2006 letter is attached hereto as Exhibit 6.

11.　　Plaintiff respectfully submits that he has a statutory right to the referenced records, and that there is no legal basis for the Defendant's refusal to disclose them.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for

### Wrongful Withholding of Agency Records

12.　　Plaintiff repeats and realleges paragraphs 1-11.

13.　　Pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(3), Plaintiff has a right of access to the documents requested, and Defendants have no legal basis for their actions in withholding the right of access to such documents, as their reliance on Exemption 5 has no justification in law or fact.

14.　　The CIA has wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

15.　　Plaintiff has exhausted the applicable administrative remedies with respect to the

CIA's wrongful withholding of the requested records.

16.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

WHEREFORE, Plaintiff requests that this Court declare unlawful Defendant's refusal to disclose the records requested by Plaintiff; order Defendant to make the requested records available to Plaintiff; award Plaintiff his costs and reasonable attorney's fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and, grant such other and further relief as this Court may deem just and proper.

**Plaintiff prays a Jury Trial.**

Respectfully submitted,

_____/s/ Ari Taragin_____
Michael J. Snider, Esq. (No. 24695)
Ari Taragin, Esq. (No. 27409)
Jeffrey C. Taylor, Esq. (No. 15528)
Snider & Fischer, LLC
104 Church Lane, Suite 201
Baltimore, MD 21208
Attorneys for Plaintiff