UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK S. PORTER,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            ) Civil Action No. 07-133 GK
                                   )
CENTRAL INTELLIGENCE AGENCY,       )
                                   )
          Defendant.               )
_____)

DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Defendant hereby moves to dismiss this action.[1]  In the alternative, the Court is asked to enter summary judgment in favor of Defendant, pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact and the Defendant is entitled to judgment as a matter of law.  The Court is respectfully referred to the

---

[1]  On January 8, 2007, Plaintiff filed an original Complaint; but on January 26, 2007, an Amended Complaint was filed but not served.  It appears that the only change in the Amended Complaint, aside from some minor changes in spacing of words, is the addition of a jury demand in the Amended Complaint.  See Amended Complaint at 4.

accompanying memorandum and to the statement of material facts accompanying this motion.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
MARK S. PORTER,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            ) Civil Action No. 07-133 GK
                                   )
CENTRAL INTELLIGENCE AGENCY,       )
                                   )
          Defendant.               )
_____)
```

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
<u>MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

<u>INTRODUCTION</u>

This case arises under the Freedom of Information Act
("FOIA"), 5 U.S.C. § 552, and pertains to one or more FOIA
requests Plaintiff forwarded to the Defendant.[1]  Plaintiff's
cause of action is untimely insofar as it could be read to seek
documents in response to his FOIA request originally sent to the
agency in 1997.  <u>See</u> Amended Complaint, ¶ 5.  Insofar as
Plaintiff's claims are based on his request in 2006, he has
failed to exhaust administrative remedies that are a prerequisite
to bringing a FOIA action.

<u>STATEMENT OF FACTS</u>

Plaintiff, through his then attorney, initiated the first of
his Freedom of Information Act ("FOIA") requests to the Central
Intelligence Agency ("CIA") on or about July 9, 1997.  <u>See</u> Koch
Decl., ¶ 6 and Exhibit 1.  Plaintiff had exhausted his

_____

[1]  One request was forwarded to the agency in 1997 and another in
2006.

administrative remedies with respect to his 1997 FOIA request on or before April 1, 1998, when the CIA denied Plaintiff's appeal. See Koch Decl., ¶¶ 6-13 and Exhibit 8; 5 U.S.C. §§ 552(a)(6)(A)(ii).  Over eight years later, Plaintiff commenced this action with the filing of a complaint on January 8, 2007. See Complaint at 1.

Meanwhile, on or about August 21, 2006, Plaintiff, through counsel, sent correspondence to the CIA requesting again that information be sent to him, which correspondence was received by the CIA on August 28, 2006.  See Amended Complaint, ¶ 8; Koch Decl., ¶¶ 17-18 and Exhibits 13 and 14.  Defendant construed Plaintiff's August 21, 2006 letter as a new FOIA request, and processed the request accordingly.  By letter dated September 7, 2006, Defendant responded to Plaintiff through Plaintiff's attorney; and a true and correct copy of that response is attached to the Koch Declaration as Exhibit 14.  See Amended Complaint, ¶ 9; Koch Decl., ¶ 18 and Exhibit 14.

On October 19, 2006, the CIA sent a final response to Plaintiff, through his attorney.  Koch Decl., ¶ 19 and Exhibit 15.  The October 19, 2006 letter informed Plaintiff through his Attorney that he had the right to appeal the Agency's denials under the FOIA to the Agency's Release Panel within 45 days of the date of the letter.  See Koch Decl., ¶ 19.  But Plaintiff has not appealed the October 19, 2006 decision by the CIA as required

-2-

by Agency regulations.  <u>See</u> Koch Decl., ¶¶ 19-20; 32 C.F.R. §
1900.42.

ARGUMENT

A.    <u>The Proper Standards</u>

        A motion to dismiss pursuant to Fed. R. Civ. P.
12(b)(6) will not be granted unless "it appears beyond
doubt that the plaintiff can prove no set of facts in
support of his claim which would entitle him to
relief." <u>Conley</u> v. <u>Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct.
99, 2 L.Ed.2d 80 (1957); <u>see also</u> <u>Haynesworth</u> v.
<u>Miller</u>, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

* * *

"Given the Federal Rules' simplified standard for
pleading, '[a] court may dismiss a complaint only if it
is clear that no relief could be granted under any set
of facts that could be proved consistent with the
allegations.' " <u>Swierkiewicz</u> v. <u>Sorema N.A.</u>, 534 U.S.
506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting
<u>Hishon</u> v. <u>King & Spalding</u>, 467 U.S. 69, 73, 104 S.Ct.
2229, 81 L.Ed.2d 59 (1984)).

<u>Coates</u> v. <u>Law School Admission Council</u>, Civil Action No. 05-0641

JDB, 2005 WL 3213960, *1 (D.D.C. Oct. 25, 2005).

        Ordinarily, relief on the basis of Federal Rule of Civil

Procedure 12(b)(6) would not be appropriate, where the defendant

has attached documents to the motion, which normally the Court

cannot consider without converting the motion into one for

summary judgment.  <u>See</u> <u>Savage</u> v. <u>Scales</u>, 310 F.Supp.2d 122, 129

and n.8 (D.D.C. 2004);  Fed. R. Civ. P. 12(b)(6) ("If, on a

motion asserting the defense numbered (6) to dismiss for failure

of the pleading to state a claim upon which relief can be

granted, matters outside the pleading are presented to and not

-3-

excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."); Herron v. Veneman, 305 F.Supp.2d 64, 70-71 (D.D.C. 2004) (noting that "the introduction of factual materials by the parties--including depositions, answers to interrogatories, admissions on file and affidavits--will convert a Rule 12(b)(6) motion to dismiss to a Rule 56(b) motion for summary judgment [,]" although the conversion is dependent on " 'whether the court actually took cognizance of [the materials submitted].' ") (citations omitted). But there are exceptions to this rule.  A court may consider materials outside the pleadings in a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "where a document is referred to in the complaint and [is] central to plaintiff's claim[;] such a document attached to the motion papers may be considered without converting the motion to one for summary judgment." Lipton v. MCI Worldcom, Inc., 135 F.Supp.2d 182, 186 (D.D.C. 2001) (citations omitted).  In this case, Plaintiff's original Complaint and his Amended Complaint have cited numerous exhibits, noting that they were attached to the pleading, but no such exhibits are on file with the Court and none were served on Defendant.  Nevertheless, because Plaintiff himself referred to these documents and incorporated them into his complaint, this Court may consider

-4-

them without converting this motion to dismiss into a motion for summary judgment.

Moreover, it is well established that when a defendant challenges the substance of jurisdictional allegations, it may use extraneous evidence to test those allegations without converting the motion into one for summary judgment. See Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995); see also 11 Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

Alternatively, if this Court were to determine that Plaintiff's failure to exhaust administrative remedies was not jurisdictional, summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Washington Post Co. v. U.S. Dept. of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). As the Supreme Court has declared, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to

-5-

secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

Because Defendant here has established that Plaintiff's claims are either untimely or are un-exhausted, Plaintiff's claims here should be summarily dismissed or summary judgment entered in favor of Defendant.

B.    Plaintiff's Untimeliness.

The applicable statute of limitations for FOIA actions is 28 U.S.C. §§ 2401(a), which requires that a complaint be filed within six years of the accrual of a claim.  5 U.S.C. §§ 552; Spannaus v. Dep't of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987).  "Unlike an ordinary statute of limitations, §§ 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed." Id.

Generally, a cause of action accrues as soon as the claimant can institute and maintain a suit in court.  Spannaus, 824 F.2d at 56.  More specifically, a FOIA claim accrues once the claimant has constructively exhausted his or her administrative remedies.  Id. at 57.  Constructive exhaustion occurs when the time limits by which an agency must reply to a FOIA claimant's request or appeal (if there is an appeal) expire.  5 U.S.C. §§ 552(a)(6)(C); Spannaus, 824 F.2d at 58.

Aftergood v. CIA, 225 F.Supp.2d 27, 29-30 (D.D.C. 2002); accord Primorac v. CIA, 277 F.Supp.2d 117, 120 (D.D.C. 2003) (FOIA case dismissed where the plaintiff's administrative appeal was denied more than six years before the filing of the lawsuit).

Mr. Porter had exhausted his administrative remedies with respect to his 1997 FOIA request on or before April 1, 1998, when

-6-

the CIA denied Plaintiff's appeal, <u>see</u> Koch Decl., ¶¶ 6-13 and Exhibit 8; 5 U.S.C. §§ 552(a)(6)(A)(ii).  Indeed, in its April 1, 1998 letter to Plaintiff, the CIA advised him of his right to seek judicial review of its determination in a United States District Court.  Accordingly, the statute of limitations for the plaintiff's 1997 FOIA request expired by April 2004, six years after Plaintiff's claim accrued and over two years before Plaintiff filed his complaint with the Court.  28 U.S.C. § 2401(a).  As a result, insofar as this action might be based on Plaintiff's 1997 FOIA request, the case should be dismissed.  <u>See</u> <u>Spannaus</u>, 824 F.2d at 55; <u>Aftergood</u> v. <u>CIA</u>, 225 F.Supp.2d at 29-30.

C.    <u>Failure To Exhaust His Administrative Remedies.</u>

It is well-established in administrative law that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." <u>McKart</u> v. <u>United States</u>, 395 U.S. 185, 193 (1969).  Exhaustion of such administrative remedies is required under FOIA before a party can seek judicial review.  <u>Dettmann</u> v. <u>U.S. Dept. of Justice</u>, 802 F.2d 1472, 1477 (D.C. Cir. 1986).  The purpose of exhaustion is to "prevent[] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to

-7-

afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." <u>Weinberger</u> v. <u>Salfi</u>, 422 U.S. 749, 765 (1975); <u>see also</u> <u>Hidalgo</u> v. <u>FBI</u>, 344 F.3d 1256, 1259 (D.C. Cir. 2003) (applying <u>Weinberger</u> in FOIA exhaustion context).

A FOIA requester is deemed to have failed to exhaust administrative remedies whenever the requester fails to comply with the administrative procedures set forth under FOIA, including: (1) providing the required proof of identity, <u>Summers</u> v. <u>U.S. Dept. of Justice</u>, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (2) reasonably describing the records sought, <u>Gillin</u> v. <u>IRS</u>, 980 F.2d 819, 822-23 (1st Cir. 1992); (3) complying with fee requirements, <u>Trueblood</u> v. <u>U.S. Dept. of Treasury, I.R.S.</u>, 943 F. Supp. 64, 68 (D.D.C. 1996); and (4) administratively appealing a denial of records, <u>Oglesby</u> v. <u>U.S. Dept. of Army</u>, 920 F.2d 57 (D.C. Cir. 1990). Where a FOIA plaintiff attempts to obtain judicial review without having first fully exhausted his administrative remedies, his lawsuit is subject to dismissal. <u>Id.</u>; <u>see also</u> <u>Bestor</u> v. <u>CIA</u>, Civil Action No. 04-2049 RWR, 2005 WL 3273723, *2-*4 (D.D.C. Sept. 1, 2005) (The burden of producing evidence of a proper appeal is on the person requesting documents under the FOIA).[2] Even if failure to exhaust were not

_____

[2] Although the plaintiff avers that he "has exhausted the applicable administrative remedies with respect to the CIA's wrongful withholding of the requested records," Amended

-8-

jurisdictional, it is still subject to dismissal either under Fed. R. Civ. P. 12(b)(6) or on summary judgment grounds.  See Hidalgo v. FBI, 344 F.3d at 1258-59 (while FOIA exhaustion requirement was not jurisdictional because "the FOIA does not unequivocally make it so," exhaustion is required if "'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar"; remanding to district court with instructions to dismiss complaint under 12(b)(6) for failure to exhaust administrative remedies); Flower v. IRS, 307 F. Supp. 2d 60, 66-67, 68-69 (D.D.C. 2004) (granting summary judgment and declining to review request because "plaintiff's failure to file a request that comport[ed] with agency FOIA requirements constitute[d] failure to exhaust administrative remedies").

Insofar as Plaintiff's claims may be based on his 2006 correspondence with the CIA, he has not seasonably pursued the necessary appeal of the Agency's response.  See Koch Decl., ¶¶ 14-20 and Exhibits 14-15.  The CIA construed Plaintiff's August 21, 2006, request for records on himself as a second FOIA request, for which it performed the required search, released one document, and informed Plaintiff by letter dated October 19,

---

Complaint, ¶ 15, the Court need not accept legal conclusions cast in the form of factual allegations.  Lowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Indeed, as noted in the Koch Declaration, to the extent that Plaintiff could be deemed to have exhausted his administrative remedies, the exhaustion would apply only to those claims for which he did not timely file suit.  See Koch Decl., ¶¶ 6-20.

2006, of the CIA's final decision and of Plaintiff's right to appeal.  Specifically, on October 19, 2006, the CIA sent a final response to Plaintiff, through his attorney.  Koch Decl., ¶ 19 and Exhibit 15.  The October 19, 2006 letter informed Plaintiff of his right to appeal the Agency's denials under the FOIA to the Agency's Release Panel within 45 days of the date of the letter. Id.  Plaintiff has not timely appealed the October 19, 2006 decision by the CIA as required by Agency regulations; nor has he ever specifically alleged that he has in his Amended Complaint. See Koch Decl., ¶¶ 19-20; 32 C.F.R. § 1900.42 ("Appeals of decisions must be received by the Coordinator within forty-five (45) days of the date of the Agency's initial decision."); cf. Wilbur v. CIA, 355 F.3d 675 (D.C. Cir. 2004) (where Agency accepted late appeal and processed it accordingly, purposes of exhaustion requirement were served).  As a result, and in order to allow the purposes of the exhaustion requirement to be fulfilled, this Court should dismiss Plaintiff's Amended Complaint, or, in the alternative, enter summary judgment in favor of the Defendant.

<u>CONCLUSION</u>

WHEREFORE, the above civil action should be dismissed, or summary judgment entered in favor of Defendant.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK S. PORTER,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            ) Civil Action No. 07-133 GK
                                   )
CENTRAL INTELLIGENCE AGENCY,       )
                                   )
          Defendant.               )
_____)

DEFENDANT'S STATEMENT OF MATERIAL FACTS AS
TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Local Civil Rule 7(h), the Defendant hereby
provides the following statement of material facts as to which
there is no genuine dispute:

1.   The facts outlined in the accompanying Declaration of
Scott A. Koch are true and correct.  See Declaration of Scott A.
Koch, Information And Privacy Coordinator, Central Intelligence
Agency ("Koch Decl."), ¶¶ 1-20.[1]

2.   Plaintiff, through his then attorney, initiated the
first of his Freedom of Information Act ("FOIA") requests to the
Central Intelligence Agency ("CIA") on or about July 9, 1997.
See Koch Decl., ¶ 6 and Exhibit 1.

3.   Plaintiff had exhausted his administrative remedies with
respect to his 1997 FOIA request on or before April 1, 1998, when
the CIA denied Plaintiff's appeal.  See Koch Decl., ¶¶ 6-13 and

_____

[1]  Consistent with Local Civ. R. 5.4(f), the attachments to Mr.
Koch's Declaration have been redacted to protect personal
identifying information about Plaintiff.

Exhibit 8; 5 U.S.C. §§ 552(a)(6)(A)(ii).

4.  Plaintiff commenced this action with the filing of a complaint on January 8, 2007.  <u>See</u> Complaint at 1.

5.  On or about August 21, 2006, Plaintiff, through counsel, sent correspondence to the CIA requesting again that information be sent to him, which correspondence was received by the CIA on August 28, 2006.  <u>See</u> Amended Complaint, ¶ 8; Koch Decl., ¶¶ 17-18 and Exhibits 13 and 14.  Defendant construed Plaintiff's August 21, 2006 letter as a new FOIA request, and processed the request accordingly.

6.  By letter dated September 7, 2006, Defendant responded to Plaintiff through Plaintiff's attorney; and a true and correct copy of that response is attached to the Koch Declaration as Exhibit 14.  <u>See</u> Amended Complaint, ¶ 9; Koch Decl., ¶ 18 and Exhibit 14.

7.  On October 19, 2006, the CIA sent a final response to Plaintiff, through his attorney.  Koch Decl., ¶ 19 and Exhibit 15.

8.  The October 19, 2006 letter informed Plaintiff through his Attorney that he had the right to appeal the Agency's denials under the FOIA to the Agency's Release Panel within 45 days of the date of the letter.  <u>See</u> Koch Decl., ¶ 19.

9.  Plaintiff has not appealed the October 19, 2006

decision by the CIA as required by Agency regulations.  <u>See</u> Koch
Decl., ¶¶ 19-20; 32 C.F.R. § 1900.42.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

_____I HEREBY CERTIFY that service of the foregoing Defendant's

Motion To Dismiss Or, In The Alternative, For Summary Judgment,

And a proposed Order has been made through the Court's electronic

transmission facilities on the 28th day of March, 2007.


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

MARK PORTER,                      )
                                 )
       Plaintiff,                )
                                 )
    v.                           )        Civil Action No.
                                 )        1:07CV00133 (GK)
CENTRAL INTELLIGENCE AGENCY,      )
                                 )
      Defendant.               )
_____ )

## DECLARATION OF SCOTT A. KOCH
### INFORMATION AND PRIVACY COORDINATOR
### CENTRAL INTELLIGENCE AGENCY

I, SCOTT A. KOCH, hereby declare and say:

1. I am the Chief, Public Information Programs Division (PIPD), Information Management Services (IMS), within the Information Services Center, Directorate of Support, Central Intelligence Agency (CIA). I am also the CIA Information and Privacy Coordinator (Coordinator). I have held these positions since August 9, 2004. I make this declaration in support of CIA's motion to dismiss in this proceeding.

2. I have served with the United States Government for approximately seventeen years and, in addition to my current positions, have held other supervisory positions with the CIA in the fields of records management and information review and release.

3.  In my capacities as Chief of PIPD/IMS and Coordinator, I am responsible for managing the Freedom of Information Act (FOIA), Privacy Act, and Executive Order 12958[1] Mandatory Declassification Review programs in the CIA.  These responsibilities include directing searches of CIA records systems pursuant to public requests for records under these programs, and coordinating the reviews of any records such searches retrieve.  These review processes include undertaking any intra-agency and inter-agency coordination and referrals necessary in light of the information in responsive records.[2]

4.  As part of my official duties, I ensure that CIA administratively processes FOIA and Privacy Act requests, including the search, retrieval, analysis, review, redaction, and release of documents, in accordance with the law and as efficiently as possible with the personnel and resources available.

---

[1] Executive Order 12958 was amended by Executive Order 13292, effective March 25, 2003.  See Exec. Order No. 13292, 68 Fed. Reg. 15315 (Mar. 28, 2003).  All citations to Exec. Order No. 12958 are to the Order as amended by Exec. Order No. 13292.  See Exec. Order No. 12958, 3 C.F.R. 333 (1996), reprinted as amended in 50 U.S.C.A. § 435 note at 180 (West Supp. 2006).

[2] A "coordination" occurs when a CIA-originated document contains information from another agency, and the CIA contacts that agency to obtain guidance on whether to release or withhold that agency's information.  A "referral" occurs when CIA possesses a document that originated with another agency.  In such a case, CIA transmits the document to the originating agency for a direct response to the FOIA or Privacy Act requestor.

5.    Through the exercise of my official duties, I am familiar with this civil action.  I make the following statements based upon my personal knowledge and the information made available to me in my official capacity.

## PLAINTIFF'S FOIA/PRIVACY ACT REQUEST

### The 1997 Request

6.    On July 9, 1997, Plaintiff, through his attorney, submitted a request pursuant to the Privacy Act, 5 U.S.C. § 552a, seeking "all reports, results of investigation, surveillance data, internal memorandum or other documents concerning Mr. Mark S. Porter between the years 1986 and 1991 while Mr. Porter was employed by Bendix Field Engineering Corporation."  Exhibit 1 is a true and correct copy of Plaintiff's attorney's letter, with Plaintiff's Authorization to Release Information.

7.    By letter dated July 28, 1997, CIA acknowledged receiving Plaintiff's July 9, 1997 letter, and sought Plaintiff's place of birth and citizenship status prior to beginning the processing of his request, in order to comply with CIA Privacy Regulations.  Exhibit 2 is a true and correct copy of CIA's letter.  CIA assigned Plaintiff's request reference number P-1997-01570.

3

8.    By letter dated August 5, 1997, Plaintiff's attorney provided the requested information to CIA. Exhibit 3 is a true and correct copy of this letter.

9.    CIA acknowledged receipt of the additional information by letter dated August 14, 1997, which also notified Plaintiff that his request would be processed under both the Privacy Act and the Freedom of Information Act to ensure the maximum amount of releasable information, if any. CIA further stated that because of the heavy volume of FOIA requests the CIA received, the CIA would not be able to respond within the ten working days the FOIA required. As a result, the letter advised, "you have the right to consider this a denial and may appeal to the Agency Release Panel." Otherwise, CIA would continue processing Plaintiff's request and would respond as soon as it could. Exhibit 4 is a true and correct copy of this letter.

10.   By letter dated October 16, 1997, CIA advised Plaintiff of the CIA's final response. After searching the relevant record systems, CIA had concluded "that there [were] no documents available to him under either the FOIA, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a." The letter further stated that Plaintiff could "construe this as a denial on the basis of FOIA exemptions

4

(b)(1) and (b)(3) and PA exemptions (j)(1) and (k)(1)," and advised plaintiff of his "right to appeal this determination by addressing [his] appeal to the Agency Release Panel." Exhibit 5 is a true and correct copy of this letter.

11. In an October 26, 1997 letter, Plaintiff, through his attorney, appealed the CIA's decision denying Plaintiff's request for information under FOIA/PA. The appeal was based on the CIA's "ability . . . to release, in redacted form, information concerning Mr. Porter." Exhibit 6 is a true and correct copy of this letter.

12. By letter dated November 20, 1997, CIA acknowledged receipt of Plaintiff's October 26, 1997 letter. CIA advised Plaintiff that his appeal had been accepted and that arrangements would be made for consideration of the appeal by members of the Agency Release Panel. Exhibit 7 is a true and correct copy of this letter.

13. On April 1, 1998, CIA advised Plaintiff that both the "appropriate" member of the Agency Release Panel, as well as the Agency Release Panel meeting as a committee of the whole, had affirmed the determination that there were no records available to Plaintiff under either the FOIA or the Privacy Act. CIA further stated that Plaintiff could

"construe this as a denial on the basis of Freedom of Information Act exemptions (b)(1) and (b)(3) and Privacy Act exemptions (j)(1) and (k)(1) and to seek judicial review of this determination in a United States district court." Exhibit 8 is a true and correct copy of this letter.

## The 2006 Request

14.   Plaintiff did not respond to CIA's April 1, 1998 letter until November 7, 2005, when Plaintiff, through a new attorney, wrote to CIA requesting information about Plaintiff's 1997 FOIA and Privacy Act request. Plaintiff stated that while he had received the CIA's November 20, 1997 letter, he had not received any further information regarding the request. Exhibit 9 is a true and correct copy of Plaintiff's November 7, 2005 letter.

15.   CIA responded on November 22, 2005, acknowledging receipt of Plaintiff's November 7, 2005 letter, and seeking a statement from Plaintiff authorizing CIA to release information to Plaintiff's attorney. Exhibit 10 is a true and correct copy of this letter. Plaintiff's attorney responded with the authorization statement on May 4, 2006. Exhibit 11 is a true and correct copy of this letter.

16.   On May 23, 2006, CIA responded to Plaintiff's
inquiry, and sent Plaintiff a copy of the CIA's April 1,
1998, letter to Plaintiff, which confirmed that CIA had
processed Plaintiff's 1997 request through the appellate
level.   Exhibit 12 is a true and correct copy of this
letter.

17.   By letter dated August 21, 2006, Plaintiff once
again appealed the CIA decision of April 1, 1998, which
had affirmed the Plaintiff's denial of documents under the
FOIA and the Privacy Act.   Exhibit 13 is a true and
correct copy of this letter.

18.   CIA responded by letter dated September 7, 2006,
acknowledging receipt of Plaintiff's August 21, 2006,
letter, and stating:   "Specifically, you are requesting
another search for all records on your client."   CIA
assigned the new request the reference number P-2006-
00692.   Because of the large number of FOIA requests
received, CIA noted that it was unlikely that the CIA
could respond within the 20 working days required by FOIA,
and informed Plaintiff that he could consider this
appraisal to be a denial of his request, and could appeal
to the Agency Release Panel.   If he chose not to appeal,
CIA would continue processing his request and would

respond as soon as it could.  Exhibit 14 is a true and correct copy of this letter.

19.  On October 19, 2006, CIA sent a final response to Plaintiff's August 21, 2006, FOIA and Privacy Act request for information, and released one document with deletions made on the bases of FOIA exemptions (b)(1), (b)(2), and (b)(3), and Privacy Act exemptions (j)(1) and (k)(1).  CIA further advised Plaintiff that the CIA had "no additional documents available to you under either FOIA or the Privacy Act of 1974," and that he could consider the unavailability of records as a denial based on FOIA exemptions (b)(1) and (b)(3) and Privacy Act exemptions (j)(1) and (k)(1).  The letter informed Plaintiff of his right to appeal these denials to the Agency Release Panel, within 45 days of the date of the letter, and advised that any appeal should be directed to me.  Exhibit 15 is a true and correct copy of this letter.

20.  All incoming FOIA and Privacy Act correspondence is scanned into CIA's system for released information. This system is searchable by the requestor's name and/or request number.  Any appeal would be scanned into this system as well.  My staff has searched this system, and we have no record of any correspondence from Plaintiff after

CIA's October 19, 2006, final decision.  Nor do we have a record of any appeal by plaintiff from that decision.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21ˢᵗ day of March, 2007.


Scott A. Koch, Ph.D.
Information and Privacy Coordinator
Central Intelligence Agency

MICHAEL D. ADAMS
ATTORNEY AT LAW
600 UNIVERSITY AVE.
PALO ALTO, CA 94301

PHONE 415-328-0695
FAX    415-328-0704
Email kaya@ricochet.net

JUL 15    2 20 ?? '97

July 9, 1997

Central Intelligence Agency
FOIA Office
Mr. Lee F. Strickland
Central Intelligence Agency
Washington, D.C. 20505

To Whom It May Concern:

I am the attorney for Mark S. Porter and I have enclosed a signed copy of his authorization to release information

Under the provisions of 5 U.S.C. § 552a, I hereby reqest a copy of any information which may be in the possession of your office concerning surveillance, intelligence gathering, or any other form of information gathering by your office or any other government agency which was conducted on Mr. Porter while he was employed at Bendix Corporation, Blossom Point, Maryland between 1986 and 1991. Mr. Mark S. Porter's DOB is ▮▮▮▮; his SSN is ▮▮▮▮▮▮.

If there are any fees for copying the records I am requesting, please inform me before you fill the request. If all or any of this request is denied, please cite the specific exemption(s) which you think justifies your refusal to release the information. Also, please inform me of your agency's appeal procedure.

Thank you for your prompt attention to this matter.

Dated: July 9, 1997                    Very truly yours,

LAW OFFICES OF MICHAEL ADAMS

Michael D. Adams

EXHIBIT

1

CA 07-133 GK

**MICHAEL D. ADAMS**
ATTORNEY AT LAW
800 UNIVERSITY AVE.
PALO ALTO, CA 94301

PHONE 415-328-9685
FAX   415-326-9704
Email kaya@ricochet.net

## AUTHORIZATION TO RELEASE INFORMATION

I, Mark S. Porter  hereby authorize The Law Offices of Michael D. Adams, its agents, representative, or bearer, to receive, review, inspect, copy and/or photograph any and all of the documents in your possession or under your control, including, but not limited to:

> ALL REPORTS, results of investigation, surveillance data, internal memorandum or other documents concerning Mr. Mark S. Porter between the years 1986 and 1991 while Mr. Porter was employed by Bendix Field Engineering Corporation.

The requested information is required for the adequate preparation, review, investigation and discovery of a claim for personal injuries.

THIS AUTHORIZATION SHALL BECOME EFFECTIVE IMMEDIATELY and shall terminate upon conclusion of our client's claim or one (1) year from the date hereof, whichever is sooner.

I have read the above and fully understand its contents in its entirety and have asked questions about anything that was not clear to me and am satisfied with the answers I have received.

I further understand that I have a right to receive a copy of said authorization upon my request.

Photostatic copies of this Authorization will be considered as valid as the original.

DATED: 6/26/97            SIGNATURE: _____
                                        Mark Steven Porter

JUL 28 1997

FROM:  Information and Privacy Coordinator

TO:  Mr. Michael D. Adams, Esq.
600 University Avenue
Palo Alto, California 94301

RE:  P-1997-01570

Dear Mr. Adams:

Your request dated 9 July 1997 for records indexed to your client's name, **Mark S. Porter, has been** received.

To ensure that you receive the maximum amount of releasable information, if indeed there is any, your request will be processed under both the Privacy Act and the Freedom of Information Act. No fees will be charged.

The Privacy Act requires Federal agencies to ensure that improper disclosure of personally identifiable information on an individual will not occur. Therefore, CIA Privacy Regulations, Title 32 C.F.R. Section 1901.13, set forth the following requirements:

An individual seeking access to or notification of the existence of records about himself shall provide in the letter of request his full name, address, date and place of birth together with a notarized statement swearing to or affirming his identity....In the case of an individual who is an alien lawfully admitted for permanent residence, said individual shall provide...his or her alien registration number.

Before we can begin processing your request, we must receive from you:

[  ] your client's date of birth
[x] your client's place of birth
[  ] your client's full name
[x] your client's citizenship status
(If he is a permanent resident alien, please so state, and provide his alien registration number.)
[  ] an original notarized statement or statement signed under penalty of perjury
(28 U.S.C. § 1746) attesting to his identity
[  ] an original notarized statement or statement signed under penalty of perjury
(28 U.S.C. § 1746) authorizing us to release information to you

We will hold your request in abeyance for 45 days pending receipt of the information requested above.

EXHIBIT

2

CA 07-133 GK

**MICHAEL D. ADAMS**
ATTORNEY AT LAW
600 UNIVERSITY AVE.
PALO ALTO, CA 94301

PHONE 415-328-0696
FAX    415-826-9704
Email kaya@ricochet.net

AUG 12   | 54 PM '97

August 5, 1997

Central Intelligence Agency
Information and Privacy Coordinator
Washington, D.C. 20505

Re:    P-1997-01570

To Whom It May Concern:

As per your request, I have enclosed the requested information to aid in the filling of the
FOIA/Privacy Act request for my client, Mark S. Porter.

　　　　　　　1) Client's Place of Birth: Baltimore, Maryland

　　　　　　　2) Client's Citizenship Status: United States Citizen

Thank you for your attention to this matter.

Sincerely,

Michael D. Adams



**EXHIBIT**

3

CA 07-133 GK

Mr. Michael D. Adams, Esq.                                    14 AUG 1997
600 University Avenue
Palo Alto, California  94301

Reference:  P-1997-01570

Dear Mr. Adams:

    This acknowledges receipt of your letter dated
5 August 1997 wherein you provided additional information
pursuant to your request for information pertaining to your
client, Mark S. Porter.  For identification purposes we have
assigned your request the number referenced above.

    **We have accepted** your request; it will be processed in
accordance with the Freedom of Information Act (FOIA),
5 U.S.C. § 552, as amended, and the Privacy Act of 1974,
5 U.S.C. § 552a.  Our search will be for documents in
existence as of and through the date of this acceptance
letter.  No fees will be charged.

    The heavy volume of FOIA requests received by the Agency
has created delays in processing.  Since we cannot respond
within the 10 working days stipulated by the FOIA, you have
the right to consider this a denial and may appeal to the
Agency Release Panel.  It would seem more reasonable,
however, to have us continue processing your request and
respond to you as soon as we can.  You can appeal any denial
of records at that time.  Unless we hear from you otherwise,
we will assume that you agree, and we will proceed on this
basis.

                                    Sincerely,

                                    *Harry Strickland*

                                    Lee S. Strickland
                        Information and Privacy Coordinator

**EXHIBIT**

tabbies

4

GA 07-133GK

Mr. Michael D. Adams, Esq.
600 University Avenue
Palo Alto, California  94301

1 6 OCT 1997

Reference:  P-1997-01570

Dear Mr. Adams:

This is the final response to your 5 August 1997 request for information on your client, Mark S. Porter. Your request was processed in accordance with the Freedom of Information Act (FOIA) and the Privacy Act (PA). Our processing included a search for records in existence as of and through the date of our acceptance letter dated 14 August 1997.

We have searched those Agency systems that might contain information regarding Mr. Porter and have determined that there are no documents available to him under either the FOIA, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

You may construe this as a denial on the basis of FOIA exemptions (b)(1) and (b)(3) and PA exemptions (j)(1) and (k)(1). An explanation of these exemptions is enclosed. You have the right to appeal this determination by addressing your appeal to the Agency Release Panel, in my care. Should you choose to do this, please explain the basis of your appeal.

We appreciate your patience and understanding during the period required to process your request.

Sincerely,

Lee S. Strickland
Information and Privacy Coordinator

Enclosure

EXHIBIT

5

CA 07-133 GK

02/00/97 at 9:06

MICHAEL D. ADAMS
ATTORNEY AT LAW
800 UNIVERSITY AVE.
PALO ALTO, CA 94301

PHONE 415-328-9695
FAX    415-396-9704
Email inya@ricochet.net

October 26, 1997

Agency Release Panel
FOIA Office
Mr. Lee Strickland
Central Intelligence Agency
Washington, D.C. 20505

Re:    P-1997-01570; Appeal of Denial

Dear Mr. Strickland

I am in receipt of your letter of October 16, 1997 in which you denied my client, Mark Porter's, request for information under FOIA/PA. This letter is an appeal of that decision.

We are appealing your decision based on the ability of your agency to release, in redacted form, information concerning Mr. Porter. Such redaction of his files will certainly obviate the need to withhold all of his records under the exemptions which you cited.

We wish to avoid a judicial action in this matter. I hope your prompt response will avoid the need for such litigation.

Very truly yours,

Michael D. Adams, Esq.

MDA/rg

EXHIBIT
6
CA 07-133GK

**2 0 NOV 1997**

Mr. Michael D. Adams, Esq.
600 University Avenue
Palo Alto, California  94301

Reference:  P-1997-01570

Dear Mr. Adams:

This is in response to your letter dated 26 October 1997
and received in our office on 4 November 1997.  This letter
presents an appeal on behalf of your client, Mr. Mark S.
Porter, of the 16 October 1997 determination provided to you
in response to his Freedom of Information and Privacy Act
request dated 5 August 1997 for information on himself.
Specifically, you are appealing our determination that there
are no documents available to him on the basis of Freedom of
Information Act exemptions (b)(1) and (b)(3) and Privacy Act
exemptions (j)(1) and (k)(1).

Your appeal has been accepted and arrangements will be
made for its consideration by the appropriate members of the
Agency Release Panel.  You will be advised of the
determinations made.

In order to afford requesters the most equitable
treatment possible, we have adopted the policy of handling
appeals on a first-received, first-out basis.  At the present
time, our workload consists of approximately 400 appeals
awaiting completion.  In view of this, some delay in our
reply must be expected, but I can assure you that every
reasonable effort will be made to complete a response as soon
as possible.

Sincerely,

Lee S. Strickland
Information and Privacy Coordinator

**EXHIBIT**

7

CA 07-133 GK

01 APR 1998

Mr. Michael D. Adams, Esq.
600 University Avenue
Pala Alto, California  94301

Reference:  P-1997-01570

Dear Mr. Adams:

    This is in response to your letter dated 26 October 1997
in which you appealed the 16 October 1997 determination of
this Agency in response to your 5 August 1997 Freedom of
Information Act and Privacy Act request for information on
your client, Mr. Mark S. Porter.  Specifically, you appealed
our determination that there were no documents available to
you on the basis of Freedom of Information Act exemptions
(b)(1) and (b)(3) and Privacy Act exemptions (j)(1) and
(k)(1).

    Your appeal has been presented to the appropriate member
of the Agency Release Panel, Ms. Becky L. Rant, Information
Review Officer for the Directorate of Administration.
Ms. Rant has reviewed your request and pursuant to the
authority delegated under paragraphs 1900.43 and 1901.43 of
Chapter XIX, Title 32 of the Code of Federal Regulations
(C.F.R.), Ms. Rant has determined that there are no records
available to you under either the Freedom of Information Act
or the Privacy Act of 1974.  Further, in regard to your
appeal and in accordance with CIA regulations appearing at 32
C.F.R. paragraph 1900.41(c)(2), the Agency Release Panel,
meeting as a committee of the whole, has affirmed this
determination.

    In accordance with the provisions of the Freedom of
Information Act and the Privacy Act, you have the right to
construe this as a denial on the basis of Freedom of
Information Act exemptions (b)(1) and (b)(3) and Privacy Act
exemptions (j)(1) and (k)(1) and to seek judicial review of
this determination in a United States district court.

EXHIBIT

8

CA 07-133 GK

Mr. Michael D. Adams, Esq.


We appreciate your patience while your appeal was being considered.

Sincerely,

**ORIGINAL SIGNED**

Edmund Cohen
Chairman
Agency Release Panel

# Law Offices of
# Snider & Associates, LLC

Michael J. Snider, Esq.
Ari Taragin, Esq.

November 7, 2005

Via Certified Mail

Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

    Re: FOIA Request for Mark Porter

Dear Sir/Madam:

    As an attorney representing Mark Steven Porter and pursuant to the Freedom of Information Act (FOIA), subsection 5 USC 552, I am writing to request information regarding Mark Steven Potter's request 01570, which was sent to the CIA in 1997. As you know, the enactment of the FOIA in 1966 and the subsequent amendments in 1974 and 1986 established a regulation that would ensure an informed citizenry, a check on corruption, and maintain the government's accountability to its constituents. Under these provisions, my client, Mark Steven Porter has a justifiable claim to obtaining information regarding his employment history within the realm of your agency.

    Upon careful examination of my client's history within your agency and in regards to pursuing these documents under the FOIA, I have discovered a failure on your part to submit the requested information. Mark Steven Porter sent the request number 01570 to the Central Intelligence Agency in 1997. Subsequently, the CIA found no relevant documentation pertaining to Mr. Porter, and on November 20, 1997 the agency noted an appeal to this conclusion. The agency's response indicated a delay in the appeal process due to 400 other appeals which would take precedence to Mr. Porter's request. My client has not received any further notifications or documents following the November 20th contact. Your refusal to supply the requested documents is not only a hindrance to my client but also a violation of the FOIA.

104 Church Lane • Suite 201 • Baltimore, Maryland 21208
410.653.9060 phone • 410.653.9061 fax • 1-800-DISCRIMINATION℠ • www.sniderlaw.com

EXHIBIT

9

CA 07-133 GK

If there are any fees or payments required for obtaining and copying the records I am requesting, please inform me of such dues prior to completing the request. I will provide payment for this transaction to a reasonable degree.

If any part of or this entire request results in repudiation on your part, please provide and cite specific examples pertaining to my client and the specifics of the FOIA that serve to justify your refusal to grant my request.

I hope to hear from you soon and to receive the necessary information within twenty working days. Please contact me if you have any further questions or concerns regarding my client and the aforementioned request.

Sincerely,

Ari Paragni, Esq.

Cc:    Mr. Mark Porter
       8170 Mid Haven Rd.
       Baltimore, MD 21222

**Law Offices of
Snider & Associates, LL.**

104 Church Lane • Suite 201
Baltimore, Maryland 21208

INSPECTED
NOV 14 2005

CERTIFIED MAIL

7005 1160 0001 1873 7412

SMS009581 94

Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505



Central Intelligence Agency



Washington, D.C. 20505

22 November 2005

Ari Taragin, Esq.
Law Offices of Snider & Associates, LLC
104 Church Lane
Suite 201
Baltimore, MD  21208

Reference: P-1997-01570

Dear Mr. Taragin:

    This responds to your 7 November 2005 letter inquiring about the status
of the above referenced Freedom of Information Act and Privacy Act request
for information pertaining to your client, Mark S. Porter.

    Before proceeding, Mr. Porter must provide an original notarized
statement or statement signed under penalty of perjury (28 U.S.C. § 1746)
authorizing us to release information to you.

Sincerely,

Scott Koch
Information and Privacy Coordinator

EXHIBIT
10
CA 07-133 GK

# Law Offices of
# Snider & Associates, LLC

Michael J. Snider, Esq.
Ari Taragin, Esq.

2006 MAY 11  AM 8: 00

May 4, 2006

Via Certified Mail

Scott Koch
Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

Re: FOIA Request 01570, for Mark Porter

Dear Mr. Koch:

On November 7, 2005, this office requested an update on the status of FOIA request 01570, originally requested in 1997. You responded that Mr Porter must provide an original notarized statement, or statement signed under the penalty of perjury.

Please find enclosed this statement.

Sincerely,

Ari Taragin, Esq.

Cc:    Mr. Mark Porter
8170 Mid Haven Rd.
Baltimore, MD 21222

104 Church Lane • Suite 201 • Baltimore, Maryland 21208
410.653.9060 phone • 410.653.9061 fax • 1-800-DISCRIMINATION℠ • www.sniderlaw.com



EXHIBIT
CA 07-133 GK

May 1, 2006

    Re:    Mr. Mark S. Porter
            SS#

To Whom It May Concern::

    I, Mark S. Porter, under the penalties of perjury, hereby authorize my attorneys Snider & Associates, LLC, to request information on my behalf under the Freedom of Information Act. All information requested from my attorneys in this matter is done at my request and with my approval.

Sincerely,

Mark S. Porter
8170 Mid Haven Road
Baltimore, MD 21222



RETTA TIMMONS
Notary Public, State of Maryland
City of Baltimore
My Commission Expires January 6, 2010

**Law Offices of**
**Snider & Associates,**

104 Church Lane • Suite 201
Baltimore, Maryland 21208

INSPECTED
MAY 0 9 2006

CERTIFIED MAIL

7005 1160 0001 1691 8589

BALTIMORE MD 212

Scott Koch
Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505



02 1P $002.79°
0004515010   MAY 05 2006
MAILED FROM ZIP CODE 21208



Central Intelligence Agency

Washington, D.C. 20505

23 May 2006

Ari Taragin, Esq.
Law Offices of Snider & Associates, LLC
104 Church Lane
Suite 201
Baltimore, MD  21208

Reference:  P-1997-01570

Dear Mr. Taragin:

　　This responds to your 4 May 2006 letter inquiring about the status of the above referenced Freedom of Information Act and Privacy Act request for information pertaining to your client, Mark S. Porter.

　　Enclosed is a copy of our 1 April 1998 response to Mr. Porter's request, which was processed through the appellate level.

Sincerely,

Scott Koch
Information and Privacy Coordinator

Enclosure

EXHIBIT
12
CA 07-133 GK

# Law Offices of
# Snider & Associates, LLC

chris
P 2006 - 00692

**Michael J. Snider, Esq.**
**Ari Taragin, Esq.**
**Jeffery C. Taylor, Esq.**
**Jason I. Weisbrot, Esq.**
**Jacob M. Schnur, Esq.**

August 21, 2006

Via Certified Mail

Scott Koch
Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

Re: FOIA Request 01570, for Mark Porter

Dear Mr. Koch:

This is in response to your letter dated May 23, 2006. On behalf of our client Mr. Porter we appeal your decision. Pursuant to case law a FOIA requester's ability to later request the same information effectively resurrects a claim dismissed pursuant to the statute of limitations. Simply stated a former employee can simply re-file his FOIA request tomorrow and restart the process. Nothing prevents him from requesting the same withheld documents decade after decade without ever bringing a timely suit to compel disclosure. Thus based on the foregoing it is our right to appeal this matter once again. If the information we seek is not produced within 20 days from the date of this letter or another denial is subsequently issued, we will seek judicial review of this determination in United States Federal District Court. Please do not hesitate to contact me if you have any questions or concerns.

Sincerely,

Ari Taragin, Esq.

Cc:    Mr. Mark Porter
       8170 Mid Haven Rd.
       Baltimore, MD 21222

**EXHIBIT**
13
CA 07-133 GK

**Law Offices of**
**Snider & Associates, LL**

104 Church Lane • Suite 201
Baltimore, Maryland 21208

CERTIFIED MAIL

7005 1160 0003 1691 9104

Scott Koch
Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

AUG 2 5 2006

$002.79
0004516010   AUG 21 2006
MAILED FROM ZIP CODE 21208



Central Intelligence Agency

Washington, D.C. 20505

7 September 2006

Ari Taragin, Esq.
Law Offices of Snider and Associates, LLC
104 Church Lane, Suite 201
Baltimore, MD 21208

Reference: P-2006-00692

Dear Mr. Taragin:

On 28 August 2006 we received your 21 August 2006 letter requesting records on your client, Mark S. Porter. Specifically, you are requesting another search for all records on your client. We have assigned your request the new reference number listed above. Please use it when communicating with us so that we can easily identify your request.

We have accepted your request and will process it according to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and the Privacy Act of 1974, 5 U.S.C. § 552a. Unless you object, we will search for CIA-originated records existing through the date of this acceptance letter. We will not charge fees.

The large number of FOIA requests CIA receives has created unavoidable processing delays making it unlikely that we can respond within the 20 working days the FOIA requires. You have the right to consider our honest appraisal as a denial of your request and you may appeal to the Agency Release Panel. A more practical approach would permit us to continue processing your request and respond to you as soon as we can. You will retain your appeal rights and, once you receive the results of our search, can appeal at that time if you wish. We will proceed on that basis unless you tell us otherwise.

Sincerely,

Scott Koch
Information and Privacy Coordinator

EXHIBIT
14
CA 07-133 GK



Central Intelligence Agency

Washington, D.C. 20505

19 October 2006

Ari Taragin, Esq.
Law Offices of Snider and Associates. LLC
104 Church Lane, Suite 201
Baltimore, MD 21208

Reference: P-2006-00692

Dear Mr. Taragin:

This letter is a final response to your 21 August 2006 Freedom of Information Act (FOIA) and Privacy Act (PA) request for information on behalf of your client, Mark S. Porter. We have searched Agency systems that might contain relevant information and located one document that can be released in segregable form with deletions made on the basis of FOIA exemptions (b)(1), (b)(2) and (b)(3) and PA exemptions (j)(1) and (k)(1).

We have further determined that we have no additional documents available to you under either FOIA or the Privacy Act of 1974. You may consider the unavailability of records as a denial based on FOIA exemptions (b)(1) and (b)(3) and Privacy Act exemptions (j)(1) and (k)(1). I have enclosed an explanation of these exemptions for your reference and retention.

You have the right to appeal these denials by addressing your appeal to the Agency Release Panel, in my care, within 45 days of the date of this letter. Should you find it necessary to do so, please explain the basis of your appeal.

We appreciate your patience and understanding while we processed your request.

Sincerely,

Scott Koch
Information and Privacy Coordinator

Enclosures

EXHIBIT
15
CA 07-133GK

CONFIDENTIAL

**DATE:**         04/14/98 10:37:15 AM
**SUBJECT:**    Unsolicited Contact – Mark Porter

Good morning

I work in [         ] we have been repeatedly contacted by Mr. Porter who claims that his FOIA requests are being ignored and his inquiries into "unethical" practices regarding his re-investigation processing are not being answered.

we will continue to deal with him as an unsolicited caller.  Thanks!

(b)(1)
(b)(2)
(b)(3)
(j)(1)
(k)(1)

APPROVED FOR RELEASE
DATE: OCT 2006

CONFIDENTIAL

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
MARK S. PORTER,                 )
                                )
          Plaintiff,            )
                                )
     v.                         ) Civil Action No. 07-133 GK
                                )
CENTRAL INTELLIGENCE AGENCY,    )
                                )
          Defendant.            )
_____)
```

<u>ORDER</u>

UPON CONSIDERATION of Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment, the grounds stated therefor, and the entire record herein, it is this ___ day of _____, 2007, hereby

ORDERED that Defendant's motion should be and it hereby is granted; and it is,

FURTHER ORDERED that Plaintiff's Amended Complaint be and hereby is dismissed.

_____
UNITED STATES DISTRICT JUDGE


W. MARK NEBEKER
Assistant U.S. Attorney
Civil division
555 4th Street, N.W.
Washington, DC  20530

MICHAEL J. SNIDER, ESQ.
SNIDER & FISCHER, LLC
104 Church Lane, Suite 201
Baltimore, MD 21208