# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARK PORTER              )
                            )
                            )     Civil Action No. 07-133 GK
       Plaintiff,        )
                            )
v.                            )
                            )
CENTRAL INTELLIGENCE AGENCY  )
                            )
                            )
       Defendant.      )
_____)

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGEMENT

Plaintiff, Mark Porter, by his undersigned counsel from The Law Offices of Snider & Associates, LLC, responds in opposition to Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (hereafter, Defendant's Motion) and states the following in support:

### Introduction

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and pertains to FOIA requests made by Plaintiff of Defendant. Plaintiff's cause of action is timely and has exhausted administrative remedies pursuant to the FOIA. Thus, Defendant's Motion fails as a matter of law.

### STATEMENT OF FACTS

1. On November 7, 2005 pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq., Plaintiff sought documents related to his personnel file. See Exhibit 1. Plaintiff requested in writing information regarding his request number 01570 which was previously sent to the Agency in 1997 by previous counsel. Id. ; Taragin Affidavit.

2.  On November 22, 2005 Defendant sent Plaintiff's counsel a letter requesting an original notarized statement signed by the Plaintiff. See Exhibit 2.

3.  On or about May 4, 2006 Plaintiff requested the Agency inform him of the status of his request and included a signed authorized statement requesting the Agency forward his request to his representative. See Exhibit 3; Taragin Affidavit.

4.  By letter dated May 23, 2006 the Agency attached a copy of their April 1, 1998 response which Defendant denied Plaintiff's request for documents. The Agency stated that there were no records available to the Plaintiff under FOIA or the Privacy Act. See Exhibit 4.

5.  By letter dated August 21, 2006 Plaintiff appealed the denial of access to documents relating to Plaintiff's file. The Plaintiff requested the information be sent to him within 20 days of receipt. See Exhibit 5; Taragin Affidavit.

6.  On January 8, 2007, Plaintiff filed an original Complaint; and Amended it on January 26, 2007. See Complaint; Amended Complaint.

## STANDARD OF REVIEW

I.  **A MOTION TO DISMISS UNDER RULE 12(b)(6) CANNOT SUCCEED IF THE COMPLAINT ON ITS FACE ALLEGES FACTS THAT IF PROVEN JUSTIFIES JUDICIAL RELIEF.**

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Barr v. Clinton, 370 F.3d 1196, 1199 (D.C.Cir.2004) (citing Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C.Cir.1994). However, the Court need not accept asserted inferences or conclusory allegations that are unsupported by the facts set forth in

the complaint.  Kowal, 16 F.3d at 1276.  In deciding whether to dismiss a claim under Rule

12(b)(6), the Court can only consider the facts alleged in the complaint, documents attached as

exhibits or incorporated by reference into the complaint, and matters about which the Court may

take judicial notice.  EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25

(D.C.Cir.1997). The Court will dismiss a claim pursuant to Rule 12(b)(6) only if the defendant

can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief."  Conley, 355 U.S. at 45-46.

      In the case at bar, Plaintiff has made a well plead allegation, and the complaint should not

be dismissed, pursuant to 12(b)(6), for failure to state a claim. Looking at the complaint in the

light most favorable to Plaintiff, he has properly plead a cause of action.

      Relief on the basis of Federal Rule of Civil Procedure 12(b)(6) would not be appropriate,

where the defendant has attached documents to the motion, which normally the Court cannot

consider without converting the motion into one for summary judgment and the motion shall be

treated as one for summary judgment and disposed of as provided in Rule 56 thus, all parties

shall be given reasonable opportunity to present all material made pertinent to such a motion by

Rule 56. . See Savage v. Scales, 310 F.Supp.2d 122, 129; Fed. R. Civ. P. 12(b)(6); Herron v.

Veneman, 305 F.Supp.2d 64, 70-71 (D.D.C. 2004) (noting that "the introduction of factual

materials by the parties—including depositions, answers to interrogatories, admissions on file

and affidavits--will convert a Rule 12(b)(6) motion to dismiss.)

II.    **A MOTION TO DISMISS PURSUANT TO RULE 12(B)(1), CANNOT SUCCEED
       IF THE PLAINTIFF ESTABLISHES THAT THE COURT HAS JURISDICTION.**

      On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of

establishing that the court has jurisdiction. Dist. of Columbia Retirement Bd. v. United States,

657 F.Supp. 428, 431 (D.D.C.1987). In evaluating whether subject-matter jurisdiction exists, the

court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overturned on other grounds, Harlow v. Fitzgerald, 457 U.S. 800 (1982). The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir.1990).

### A.    FOIA JURISDICTIONAL REQUIREMENT

The applicable statute of limitations for FOIA actions is 28 U.S.C. § 2401(a), which requires that a complaint be filed within six years of the accrual of a claim. 5 U.S.C. § 552; Spannaus v. Dep't of Justice, 824 F.2d 52, 55 (D.C.Cir.1987). A cause of action accrues as soon as the claimant can institute and maintain a suit in court. Spannaus, 824 F.2d at 56. A FOIA claim accrues once the claimant has constructively exhausted his or her administrative remedies. Id. at 57. Constructive exhaustion occurs when the time limits by which an agency must reply to a FOIA claimant's request or appeal (if there is an appeal) expire. 5 U.S.C. § 552(a)(6)(C); Spannaus, 824 F.2d at 58.

In Spannaus, the D.C. Circuit discussed a FOIA requester's ability to "later request the same information," effectively resurrecting a claim dismissed pursuant to the statute of limitations. Spannaus, 824 F.2d at 56.

> As appellant himself has observed, little is at stake in [holding that the cause of action is time barred]. Appellant can simply refile his FOIA request tomorrow and restart the process. In fact, so far as we can tell, nothing prevents him from requesting the same withheld documents decade after decade without ever bringing a timely suit to compel disclosure. With the hope that appellant will not unduly clog the docket of an agency that has until now apparently attempted to pursue its responsibilities diligently, we affirm the District Court's judgment.

Id. at 61.

The <u>Spannaus</u>, court implicitly endorses this strategy by specifically acknowledging that a requester can resurrect a FOIA claim and, for all practical purposes, render a dismissal pursuant to the statute of limitations meaningless. <u>Aftergood v. C.I.A.</u>, 225 F.Supp.2d at 31.

When the statute of limitations bars the claims set out in a complaint, may the plaintiff file a supplemental complaint that brings new similar claims based on a subsequent similar transaction? The answer in this FOIA case is yes, so long as the new claims replace the time-barred claims. <u>Id.</u> ; <u>See</u> <u>Spannaus</u>, 824 F.2d at 61.

Though the plaintiff in <u>Aftergood</u> new claims involved a distinct transaction (a new FOIA request), the new  FOIA request was "substantially identical" to his previous request and discovery has not yet begun. <u>Aftergood</u>, 225 F.Supp.2d at 31. Therefore, the Court held that granting the plaintiff's motion will not surprise or prejudice the defendant because they were already familiar with the previous request. <u>Id.</u>; <u>Montgomery Envtl. Coalition</u>, 366 F.Supp. 261, 266 (U.S. Dist Ct. D.C., 1973) Accordingly, allowing the plaintiff to supplement his pleading is appropriate. <u>Aftergood</u>, 225 F.Supp.2d at 31.

**B.     FOIA'S "ADVERSE DETERMINATION" REQUIREMENT**

An "adverse determination" under 5 U.S.C. § 552(a)(6)(A)(i) can occur when the Plaintiff does not receive the documents he requested. <u>Oglesby v. U.S. Dept. of Army</u>, 920 F.2d 57 (D.C. Cir. 1990). Under the FOIA, the agency is required to "notify the [requester] ... of [the agency's] determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i). A FOIA requester, dissatisfied with the agency's response that no records have been found, may wish to challenge the adequacy of the agency's search. <u>Oglesby</u>, 920 F.2d 57 (D.C. Cir. 1990). The agency has a duty to notify appellant "of the right ... to appeal to the head of the agency," in cases where no

records are found in its response as well as those in which specific records are denied. 5 U.S.C. § 552(a)(6)(A)(i).

If a defendant states that it found no additional records and was closing plaintiff's request this is "adverse" to a plaintiff, and that the letter advising him of that determination should therefore have included notice of plaintiff's appeal rights. Id. at 311; See Oglesby, 920 F.2d at 67 (agency's letter constituted an "adverse determination" because plaintiff did not receive the documents he requested; "The agency has a duty to notify appellant 'of the right ... to appeal to the head of the agency,' in cases where no records are found in its response as well as those in which specific records are denied") (quoting 5 U.S.C. § 552(a)(6)(A)(I)). Thus a Plaintiff is deemed to have exhausted his administrative remedies with respect to the 1994 request. Ruotolo, 53 F.3d at 9.

## C.    FOIA'S EXHAUSTION OF ADMINISTRATIVE REMEDY REQUIREMENT

FOIA provides that request denials may be appealed to the heads of agencies, 5 U.S.C. § 552(a)(6)(A)(I), and individuals are required to exhaust administrative remedy before filing suit. Dinsio v. F.B.I., 445 F.Supp.2d 305, 309 (U.S. Dist. Ct. 2006). In the FOIA context, the exhaustion requirement is not jurisdictional, but is a "jurisprudential doctrine [that] precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar." Hidalgo v. F.B.I., 344 F.3d 1256, 1258-59 (D.C.Cir.2003) (quoting Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61 (D.C.Cir.1990)); In addition, a plaintiff may be deemed to have constructively exhausted his remedies if the agency fails to make a timely response to the initial request. Dinsio v. F.B.I., 445 F.Supp.2d at 310. See Ruotolo v. Department

of Justice, Tax Div., 53 F.3d 4, 8 (2d Cir.1995); see also 5 U.S.C. § 552(a)(6)(A)(I) (providing

that agencies shall respond to FOIA requests within twenty working days).

FOIA provides that the agency responding to a FOIA request must "notify the person making

such request of the right of such person to appeal to the head of the agency any adverse

determination...." 5 U.S.C. § 552(a)(6)(A)(I). Where the agency's response does not include

notification of the right to appeal, constructive exhaustion may also be found. See Ruotolo, 53

F.3d at 9 ("The Tax Division's response to the Ruotolos did not include notification of the right

to appeal and, consequently, there was no timely determination of the request. Accordingly, the

Ruotolos are deemed to have exhausted their administrative remedies") (citing Oglesby, 920

F.2d at 67).

### III.    A MOTION FOR SUMMARY JUDGMENT MUST BE DENIED IF THERE ARE GENUINE ISSUES OF MATERIAL FACTS OF CONSEQUENCE IN DISPUTE.

Under Rule 56(c), summary judgment is appropriate "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact...." Fed.R.Civ.P. 56(c). All evidence must be

viewed "in the light most favorable" to the nonmoving party.  Info. Handling Servs., Inc., v. Def.

Automated Printing Servs., 338 F.3d 1024, 1032 (D.C.Cir.2003) (citing Waterhouse v. District of

Columbia, 298 F.3d 989, 991 (D.C.Cir.2002)).  As there are disputed material facts, the

Agency's motion for Summary Judgment is at the very least, premature and should therefore not

be granted.

## LEGAL ARGUMENTS

**I.    THE MOTION TO DISMISS SHOULD BE DISMISSED BECAUSE THE COMPLAINT SUFFICIENTLY ALLEGES FACTS TO PROVE THAT IF PROVEN JUSTIFIES JUDICIAL RELIEF.**

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court can only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference into the complaint, and matters about which the Court may take judicial notice. EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C.Cir.1997). The Court will dismiss a claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

In the case at bar, Plaintiff made the following claims: Plaintiff requested the Agency inform him of  the status of his previous FOIA request. Complaint para.6. The Agency denied Plaintiff's request for documents. The Agency stated that there were no records available to the Plaintiff under FOIA or the Privacy Act. Complaint para.7. Plaintiff appealed the denial of access to documents relating to Plaintiff's file. Complaint para. 8. Thus, plaintiff has set forth facts in support of his claim which would entitle him to relief.

**II.    A MOTION TO DISMISS PURSUANT TO RULE 12(B)(1), SHOULD BE DISMISSED BECAUSE THE PLAINTIFF ESTABLISHES THAT THE COURT HAS JURISDICTION.**

On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. Dist. of Columbia Retirement Bd., 657 F.Supp. at 431. In evaluating whether subject-matter jurisdiction exists, the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Scheuer, 416 U.S. at  236 (1974), overturned on other grounds, Harlow v. Fitzgerald, 457 U.S.

800 (1982). The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. See, Lawrence, 919 F.2d at 1529.

    A.    Plaintiff is Timely in his request.

In Spannaus, the D.C. Circuit discussed a FOIA requester's ability to "later request the same information," effectively resurrecting a claim dismissed pursuant to the statute of limitations. Spannaus, 824 F.2d at 56.

The Spannaus court implicitly endorses this strategy by specifically acknowledging that a requester can resurrect a FOIA claim and, for all practical purposes, render a dismissal pursuant to the statute of limitations meaningless. Aftergood, 225 F.Supp.2d at 31.

When the statute of limitations bars the claims set out in a complaint, may the plaintiff file a supplemental complaint that brings new similar claims based on a subsequent similar transaction? The answer in this FOIA case is yes, so long as the new claims replace the time-barred claims. Id. See Spannaus, 824 F.2d at 61.

Though the in plaintiff in Aftergood new claims involved a distinct transaction (a new FOIA request), the new FOIA request was "substantially identical" to his previous request and discovery has not yet begun. Aftergood, 225 F.Supp.2d at 31. Therefore, the Court held granting the plaintiff's motion will not surprise or prejudice the defendant because they were already familiar with the previous request. Id.; Montgomery Envtl. Coalition, 366 F.Supp. at 266 Accordingly, allowing the plaintiff to supplement his pleading is appropriate. Aftergood, 225 F.Supp.2d at 31.

Here, Plaintiff effectively resurrected his request from 1997 in his letter requesting the same information on November 7, 2005. See Exhibit 1 and Exhibit 3. The new FOIA request was "substantially identical" to his previous request. Aftergood, 225 F.Supp.2d at 31. Thus,

Plaintiff is timely under FOIA six year statute of limitations and Defendant's motion shall fail as a matter of law.

### B.    DEFENDANT'S RESPONSE TO PLAINTIFF MEETS FOIA'S "ADVERSE DETERMINATION" REQUIREMENT

In <u>Oglesby</u>, 920 F.2d at 57, the Plaintiff submitted his request to the Department of State. Department of State responded by letter dated September 9, 1985, agreeing to process his request. Then the Department of State sent a second letter, before the plaintiff filed suit, informing him that no records responsive to his request had been found. The Department of State's letter constituted an "adverse determination" under 5 U.S.C. § 552(a)(6)(A)(i) because the Plaintiff did not receive the documents he requested. Under the FOIA, the agency is required to "notify the [requester] ... of [the agency's] determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i).

Here, Defendant's response to Plaintiff on May 23, 2006 enclosing a previous response to Plaintiff's request issued on April 1, 1998 constitutes an adverse determination. See Exhibit 4. The attached letter stated that there were no records responsive to Plaintiff's request.  Similar to the Plaintiff in Oglesby the letter from the Defendant constituted an "adverse determination" under 5 U.S.C. § 552(a)(6)(A)(i) because the Plaintiff did not receive the documents he requested and the letter stated there were no records responsive to his request. The defendant's response constituted an adverse determination thus, Defendant's motion shall fail as a matter of law.

### C.    PLAINTIFF MET FOIA'S EXHAUSTION OF ADMINISTRATIVE REMEDY REQUIREMENT

FOIA provides that request denials may be appealed to the heads of agencies, 5 U.S.C. § 552(a)(6)(A)(I), and individuals are required to exhaust this administrative remedy before filing suit. Dinsio, 445 F.Supp.2d at 309. A plaintiff may be deemed to have constructively exhausted his remedies if the agency fails to make a timely response to the initial request. Id. at 310; See Ruotolo, 53 F.3d at 8 (2d Cir.1995); See also 5 U.S.C. § 552(a)(6)(A)(I) (providing that agencies shall respond to FOIA requests within twenty working days).

FOIA provides that the agency responding to a FOIA request must "notify the person making such request of the right of such person to appeal to the head of the agency any adverse determination...." 5 U.S.C. § 552(a)(6)(A)(I). Dinsio, 445 F.Supp.2d at 310. Where the agency's response does not include notification of the right to appeal, constructive exhaustion may also be found. See Ruotolo, 53 F.3d at 9 ("The Tax Division's response to the Ruotolos did not include notification of the right to appeal and, consequently, there was no timely determination of the request. Accordingly, the Ruotolos are deemed to have exhausted their administrative remedies") (citing Oglesby, 920 F.2d at 67).

If a defendant states that it found no additional records and was closing plaintiff's request this is "adverse" to a plaintiff, and that the letter advising him of that determination should therefore have included notice of plaintiff's appeal rights. Dinsio, 445 F.Supp.2d at 311; See Oglesby, 920 F.2d at 67 (agency's letter constituted an "adverse determination" because plaintiff did not receive the documents he requested; "The agency has a duty to notify appellant 'of the right ... to appeal to the head of the agency,' in cases where no records are found in its response as well as those in which specific records are denied") (quoting 5 U.S.C. § 552(a)(6)(A)(I)).

Thus a Plaintiff is deemed to have exhausted his administrative remedies with respect to the 1994 request. <u>Ruotolo</u>, 53 F.3d at 9.

Here, Defendant's response to Plaintiff on May 23, 2006 enclosing a previous response to Plaintiff's request issued on April 1, 1998 did not include a notice of his appeal rights. See Exhibit 4. The attached letter stated that there were no records responsive to Plaintiff's request. Id. Thus similar to the Plaintiff in <u>Dinsio</u>,  445 F.Supp.2d at 311, once the Defendant stated in their attachment to the May 23, 2006 correspondence that it found no records that letter should have included a notice of plaintiff's appeal rights; which it did not. Plaintiff has met FOIA requirement of exhausting his administrative remedy thus, Defendant's motion shall fail as a matter of law.

### III.    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACTS OF CONSEQUENCE IN DISPUTE.

Under Rule 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact...." Fed.R.Civ.P. 56(c). All evidence must be viewed "in the light most favorable" to the nonmoving party.  <u>Info. Handling Servs., Inc</u>, 338 F.3d at 1032 (<u>citing</u> <u>Waterhouse v. District of Columbia</u>, 298 F.3d 989, 991 (D.C.Cir.2002)).  As there are disputed material facts, the Agency's motion for Summary Judgment is at the very least, premature and should therefore not be granted.

Attached to the Defendant's motion there is a list of facts to which Defendant contends there are not in dispute. For the sake of brevity and comprehension, Plaintiff summarizes which facts are undisputed and which are materially in dispute using the same numbering system. See Defendant's statement of material facts not in dispute.

1.      Plaintiff agrees with Defendant's assertion of fact as far those facts outlined are perceived to be by Mr. Koch.

2.      Plaintiff agrees with Defendant's assertion of fact.

3.      Plaintiff agrees with Defendant's assertion of fact.

4.      Plaintiff agrees with Defendant's assertion of fact.

5.      Plaintiff disagrees with Defendant's assertion of fact because that letter is characterized as requesting the same information when in reality it was an appeal of the denial of Plaintiff's request. See exhibit 4 and 5.

6.      Plaintiff agrees with Defendant's assertion of fact.

7.      Plaintiff disagrees with Defendant's assertion of fact because that letter is characterized as a final response.

8.      Plaintiff disagrees with Defendant's assertion of fact because that letter is characterized as noticing Plaintiff of his appeal rights when it should have been included in the May 23, 2006 letter. See exhibit 4.

9.      Plaintiff disagrees with Defendant's assertion of fact because Plaintiff appealed the Defendant's decision on August 21, 2006. See Exhibit 5; Taragin affidavit.

## ADDITIONAL FACTS

1.      Plaintiff made a timely request for information pursuant to FOIA on November 7, 2005. See Exhibit 1.

2.      The Defendant denied his request on May 23, 2006 attaching a letter denying his request because there were no documents available to him under FOIA. The letter does not inform Plaintiff of his appeal rights. See Exhibit 4.

3.   Plaintiff appeals Defendant's decision on August 21, 2006. See Exhibit 5; Taragin

affidavit.

Thus, there exists a genuine dispute as to material facts and Defendant's motion fails as a matter

of law.

## CONCLUSION

Based on the foregoing Plaintiff respectfully request that this court deny Defendant's Motion to

Dismiss or, in the alternative, Motion for Summary Judgment

Respectfully submitted,

_____/s/ Ari Taragin_____
Michael J. Snider, Esq. (No. 24695)
Ari Taragin, Esq. (No. 27409)
Jeffrey C. Taylor, Esq. (No. 15528)
Snider & Fischer, LLC
104 Church Lane, Suite 201
Baltimore, MD 21208

## CERTIFICATE OF SERVICE

I certify that on April 30, 2007, I electronically filed the within and foregoing using the CM/ECF
system which will automatically send email notification of such filing to the following attorneys
of record:

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530
(202) 514-7230

Respectfully submitted this 30th day of April, 2007.

_____/s/ Ari Taragin_____

Michael J. Snider, Esq. (No. 24695)
Ari Taragin, Esq. (No. 27409)
Jeffrey C. Taylor, Esq. (No. 15528)
Snider & Fischer, LLC
104 Church Lane, Suite 201
Baltimore, MD 21208
Attorneys for Plaintiff

## AFFIDAVIT OF ARI TARAGIN, ESQ.

1. I am Plaintiff's counsel in MARK PORTER v. CENTRAL INTELLIGENCE AGENCY, Civil Action No. 1:07CV00133.

2. In a letter dated November 7, 2005 I requested pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq., on behalf of Plaintiff documents related to his personnel file. See Exhibit 1. The Plaintiff requested in writing information regarding his request number 01570 which was previously sent to the Agency in 1997 by previous counsel. Id.

3. In a letter dated November 22, 2005 Defendant sent me a letter requesting an original notarized statement signed by the Plaintiff. See Exhibit 2.

4. In a letter dated May 4, 2006, I requested on behalf of Plaintiff that the Agency inform him of the status of his request and included a signed authorized statement requesting the Agency forward his request to me. See Exhibit 3

5. In a letter dated May 23, 2006 the Agency attached a copy of their April 1, 1998 response which Defendant denied Plaintiff's request for documents. The Agency stated that there were no records available to the Plaintiff under FOIA or the Privacy Act. See Exhibit 4.

6. In a letter dated August 21, 2006 I appealed on behalf of Plaintiff the Defendant's denial of access to documents relating to Plaintiff's file. I requested on behalf of Plaintiff that the requested the information be sent to Plaintiff within 20 days of receipt. See Exhibit 5.

7. I believe that Plaintiff's appeal rights began when the documents requested in the Plaintiff's FOIA request were received within the twenty days as requested.

1

8. On January 8, 2007, Plaintiff filed an original Complaint; and Amended it on
January 26, 2007. See Complaint; Amended Complaint.

I affirm, under the penalties of perjury, that the foregoing is true and correct to the best of
my knowledge and belief.

_____          4.30.07
Ari Taragin, Esq.                          _____
                                           Date

# EXHIBIT 1

MORT DOCID: 1267948

# Law Offices of
# Snider & Associates, LLC

Michael J. Snider, Esq.
Ari Taragin, Esq.

November 7, 2005

Via Certified Mail

Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

Re: FOIA Request for Mark Porter

Dear Sir/Madam:

As an attorney representing Mark Steven Porter and pursuant to the Freedom of Information Act (FOIA), subsection 5 USC 552, I am writing to request information regarding Mark Steven Potter's request 01570, which was sent to the CIA in 1997. As you know, the enactment of the FOIA in 1966 and the subsequent amendments in 1974 and 1986 established a regulation that would ensure an informed citizenry, a check on corruption, and maintain the government's accountability to its constituents. Under these provisions, my client, Mark Steven Porter has a justifiable claim to obtaining information regarding his employment history within the realm of your agency.

Upon careful examination of my client's history within your agency and in regards to pursuing these documents under the FOIA, I have discovered a failure on your part to submit the requested information. Mark Steven Porter sent the request number 01570 to the Central Intelligence Agency in 1997. Subsequently, the CIA found no relevant documentation pertaining to Mr. Porter, and on November 20, 1997 the agency noted an appeal to this conclusion. The agency's response indicated a delay in the appeal process due to 400 other appeals which would take precedence to Mr. Porter's request. My client has not received any further notifications or documents following the November 20th contact. Your refusal to supply the requested documents is not only a hindrance to my client but also a violation of the FOIA.

104 Church Lane • Suite 201 • Baltimore, Maryland 21208
410.653.9060 phone • 410.653.9061 fax • 1-800-DISCRIMINATION℠ • www.sniderlaw.com



EXHIBIT

9

CA 07-133 GK

MORI DOCID: 1267946

If there are any fees or payments required for obtaining and copying the records I am requesting, please inform me of such dues prior to completing the request. I will provide payment for this transaction to a reasonable degree.

If any part of or this entire request results in repudiation on your part, please provide and cite specific examples pertaining to my client and the specifics of the FOIA that serve to justify your refusal to grant my request.

I hope to hear from you soon and to receive the necessary information within twenty working days. Please contact me if you have any further questions or concerns regarding my client and the aforementioned request.

Sincerely,

Ari Paragni, Esq.

Cc:   Mr. Mark Porter
      8170 Mid Haven Rd.
      Baltimore, MD 21222

# EXHIBIT 2



Central Intelligence Agency

Washington, D.C. 20505

22 November 2005

Ari Taragin, Esq.
Law Offices of Snider & Associates, LLC
104 Church Lane
Suite 201
Baltimore, MD 21208

Reference: P-1997-01570

Dear Mr. Taragin:

This responds to your 7 November 2005 letter inquiring about the status of the above referenced Freedom of Information Act and Privacy Act request for information pertaining to your client, Mark S. Porter.

Before proceeding, Mr. Porter must provide an original notarized statement or statement signed under penalty of perjury (28 U.S.C. § 1746) authorizing us to release information to you.

Sincerely,

Scott Koch
Information and Privacy Coordinator

EXHIBIT
10
CA 07-133 GK

# EXHIBIT 3

# Law Offices of
# Snider & Associates, LLC

Michael J. Snider, Esq.
Ari Taragin, Esq.

2006 MAY 11  AM 8: 00

May 4, 2006

Via Certified Mail

Scott Koch
Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

Re: FOIA Request 01570, for Mark Porter

Dear Mr. Koch:

On November 7, 2005, this office requested an update on the status of FOIA
request 01570, originally requested in 1997. You responded that Mr Porter must provide
an original notarized statement, or statement signed under the penalty of perjury.

Please find enclosed this statement.

Sincerely,

Ari Taragin, Esq.

Cc:    Mr. Mark Porter
       8170 Mid Haven Rd.
       Baltimore, MD 21222

104 Church Lane • Suite 201 • Baltimore, Maryland 21208
410.653.9060 phone • 410.653.9061 fax • 1-800-DISCRIMINATION™ • www.sniderlaw.com





EXHIBIT
11
CA 07-133 GK

May 1, 2006

   Re: Mr. Mark S. Porter
     SS# ███████

To Whom It May Concern::

  I, Mark S. Porter, under the penalties of perjury, hereby authorize my attorneys Snider & Associates, LLC, to request information on my behalf under the Freedom of Information Act. All information requested from my attorneys in this matter is done at my request and with my approval.

Sincerely,

Mark S. Porter
8170 Mid Haven Road
Baltimore, MD 21222



RETTA TIMMONS
Notary Public, State of Maryland
City of Baltimore
My Commission Expires January 6, 2010

# EXHIBIT 4



Central Intelligence Agency

Washington, D.C. 20505

23 May 2006

Ari Taragin, Esq.
Law Offices of Snider & Associates, LLC
104 Church Lane
Suite 201
Baltimore, MD 21208

Reference: P-1997-01570

Dear Mr. Taragin:

This responds to your 4 May 2006 letter inquiring about the status of the above referenced Freedom of Information Act and Privacy Act request for information pertaining to your client, Mark S. Porter.

Enclosed is a copy of our 1 April 1998 response to Mr. Porter's request, which was processed through the appellate level.

Sincerely,

Scott Koch
Information and Privacy Coordinator

Enclosure

EXHIBIT
12
CA 07-133 GK

0 1 APR 1998

Mr. Michael D. Adams, Esq.
600 University Avenue
Pala Alto, California  94301

Reference:  P-1997-01570

Dear Mr. Adams:

    This is in response to your letter dated 26 October 1997
in which you appealed the 16 October 1997 determination of
this Agency in response to your 5 August 1997 Freedom of
Information Act and Privacy Act request for information on
your client, Mr. Mark S. Porter.  Specifically, you appealed
our determination that there were no documents available to
you on the basis of Freedom of Information Act exemptions
(b)(1) and (b)(3) and Privacy Act exemptions (j)(1) and
(k)(1).

    Your appeal has been presented to the appropriate member
of the Agency Release Panel, Ms. Becky L. Rant, Information
Review Officer for the Directorate of Administration.
Ms. Rant has reviewed your request and pursuant to the
authority delegated under paragraphs 1900.43 and 1901.43 of
Chapter XIX, Title 32 of the Code of Federal Regulations
(C.F.R.), Ms. Rant has determined that there are no records
available to you under either the Freedom of Information Act
or the Privacy Act of 1974.  Further, in regard to your
appeal and in accordance with CIA regulations appearing at 32
C.F.R. paragraph 1900.41(c)(2), the Agency Release Panel,
meeting as a committee of the whole, has affirmed this
determination.

    In accordance with the provisions of the Freedom of
Information Act and the Privacy Act, you have the right to
construe this as a denial on the basis of Freedom of
Information Act exemptions (b)(1) and (b)(3) and Privacy Act
exemptions (j)(1) and (k)(1) and to seek judicial review of
this determination in a United States district court.

Mr. Michael D. Adams, Esq.


    We appreciate your patience while your appeal was being considered.

               Sincerely,

               **ORIGINAL SIGNED**

               Edmund Cohen
               Chairman
          Agency Release Panel

# EXHIBIT 5

# Law Offices of
# Snider & Associates, LLC

Michael J. Snider, Esq.
Ari Taragin, Esq.
Jeffery C. Taylor, Esq.
Jason I. Weisbrot, Esq.
Jacob M. Schnur, Esq.

August 21, 2006

Via Certified Mail

Scott Koch
Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

Re: FOIA Request 01570, for Mark Porter

Dear Mr. Koch:

This is in response to your letter dated May 23, 2006. On behalf of our client Mr. Porter we appeal your decision. Pursuant to case law a FOIA requester's ability to later request the same information effectively resurrects a claim dismissed pursuant to the statute of limitations. Simply stated a former employee can simply re-file his FOIA request tomorrow and restart the process. Nothing prevents him from requesting the same withheld documents decade after decade without ever bringing a timely suit to compel disclosure. Thus based on the foregoing it is our right to appeal this matter once again. If the information we seek is not produced within 20 days from the date of this letter or another denial is subsequently issued, we will seek judicial review of this determination in United States Federal District Court. Please do not hesitate to contact me if you have any questions or concerns.

Sincerely,

Ari Taragin, Esq.

Cc:    Mr. Mark Porter
       8170 Mid Haven Rd.
       Baltimore, MD 21222


EXHIBIT
13
CA 07-133 GK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARK PORTER | ) | Civil Action No. 1:07CV00133 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CENTRAL INTELLIGENCE AGENCY | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## PLAINTIFF'S REPLY TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

In response to the Defendant's Statement of material Facts as to which there is no genuine issue pursuant to Local Rule 7(h) submitted by Defendant in Support of its Motion for Summary Judgment, Plaintiff responds as follows:

For the sake of brevity and comprehension, Plaintiff summarizes which facts are undisputed and which are materially in dispute using the same numbering system. See Defendant's statement of material facts not in dispute.

1.    Plaintiff agrees with Defendant's assertion of fact as far those facts outlined are perceived to be by Mr. Koch.

2.    Plaintiff agrees with Defendant's assertion of fact.

3.    Plaintiff agrees with Defendant's assertion of fact.

4.    Plaintiff agrees with Defendant's assertion of fact.

5.    Plaintiff disagrees with Defendant's assertion of fact because that letter is characterized as requesting the same information when in reality it was an appeal of the denial of Plaintiff's request. See exhibit 4 and 5.

6.    Plaintiff agrees with Defendant's assertion of fact.

7.    Plaintiff disagrees with Defendant's assertion of fact because that letter is characterized as a final response.

8.    Plaintiff disagrees with Defendant's assertion of fact because that letter is characterized as noticing Plaintiff of his appeal rights when it should have been included in the May 23, 2006 letter. See exhibit 4.

9.    Plaintiff disagrees with Defendant's assertion of fact because Plaintiff appealed the Defendant's decision on August 21, 2006. See Exhibit 5; Taragin affidavit.

## <u>ADDITIONAL FACTS</u>

1.    Plaintiff made a timely request for information pursuant to FOIA on November 7, 2005. See Exhibit 1.

2.    The Defendant denied his request on May 23, 2006 attaching a letter denying his request because there were no documents available to him under FOIA. The letter does not inform Plaintiff of his appeal rights. See Exhibit 4.

3.    Plaintiff appeals Defendant's decision on August 21, 2006. See Exhibit 5; Taragin affidavit.

Respectfully submitted,

_____/s/ Ari Taragin_____
Michael J. Snider, Esq. (No. 24695)
Ari Taragin, Esq. (No. 27409)
Jeffrey C. Taylor, Esq. (No. 15528)
Snider & Fischer, LLC
104 Church Lane, Suite 201
Baltimore, MD 21208

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 30, 2007, I electronically filed the within and foregoing using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530
(202) 514-7230

Respectfully submitted this 30th day of April, 2007.


      /s/ Ari Taragin
Michael J. Snider, Esq. (No. 24695)
Ari Taragin, Esq. (No. 27409)
Jeffrey C. Taylor, Esq. (No. 15528)
Snider & Fischer, LLC
104 Church Lane, Suite 201
Baltimore, MD 21208
Attorneys for Plaintiff