UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK S. PORTER,                    )
                                   )
                Plaintiff,         )
                                   )
        v.                         )     Civil Action No. 07-133 GK
                                   )
CENTRAL INTELLIGENCE AGENCY,       )
                                   )
                Defendant.         )
_____)
_____)

DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO
DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

INTRODUCTION

In his Opposition to defendant CIA's Motion to Dismiss, or,
in the Alternative, for Summary Judgment ("Pl's Opp."), plaintiff
misapprehends both the facts and the law governing the
requirement that he administratively exhaust his remedies before
filing suit, and, because the facts apparently do not fit with
his version of the events, simply ignores the events subsequent
to the CIA's response to Plaintiff's August 21, 2006 letter,
which the CIA properly treated as a new FOIA request, responding
appropriately.

Plaintiff and the CIA disagree on the nature -- but not the
content -- of Plaintiff's November 7, 2005 and May 4, 2006
letters to the CIA.  Despite the fact that neither letter
purported to be anything other than a "request" for "information
regarding Mark Steven Potter's [sic] request 01570, which was
sent to the CIA in 1997," see Koch Decl. Exhs. 9, 11, in order to

avoid the administrative exhaustion requirements, Plaintiff now appears to contend that those letters in fact constituted a brand new FOIA request to the CIA.  This however, cannot be the case. A new FOIA request must be styled as such; allowing Plaintiff in this case to treat his request for information as a new FOIA request, and avoid exhausting his administrative remedies as a result would thwart the purposes of both the exhaustion requirement and the statute of limitations for the filing of lawsuits under FOIA.[1]

---

[1] Despite Plaintiff's contention, a disagreement over the nature of his 2005 and 2006 letters to the Agency and the Agency's response to them does not create a dispute of material fact rendering this motion incapable of decision on defendant's summary judgment motion.  Whether the letters constituted a new FOIA request(s) can be answered by examining the letters themselves, and does not depend upon any additional facts.  Legal conclusions "cloaked" as facts are not sufficient to create a genuine issue of material fact.  United States v. BCCI Holdings, 977 F. Supp. 1, 6 (D.D.C. 1997), aff'd mem., 159 F.3d 637 (D.C. Cir. 1998); accord Scott v. Harris, ___ U.S. ___, 2007 WL 1237851 at *4-*5 (Apr. 30, 1007) (directing grant of summary judgment in light of undisputed contents of a videotape, notwithstanding plaintiff's contrary characterizations). And whether Plaintiff properly exhausted is a legal question; thus, the Court need not accept Plaintiff's legal conclusions cast in the form of factual allegations.  See id.; Lowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

ARGUMENT

I.    **Plaintiff Failed To  Exhaust his Administrative Remedies.**

    A.    **Plaintiff's November 7, 2005 Letter to the CIA Was Not a New FOIA Request.**

Plaintiff misconstrues the nature of his November 7, 2005 letter to the CIA.  While Plaintiff apparently contends that this letter itself constituted a new FOIA request, nothing in the letter so indicates.[2]  See Pl's Opp. at 1.  Rather, in the letter, Plaintiff stated only that he was "writing to request information regarding Mark Steven Porter's request 01570, which was sent to the CIA in 1997."  Pl's Exh. 1; Koch Decl. Exh. 9.  Similarly, in Plaintiff's May 4, 2006 letter enclosing Mr. Porter's original notarized statement that authorized his

_____

[2] Plaintiff contends that the Court should not consider the materials outside of the pleadings submitted by defendant. Pl's Opp. at 3.  But a failure to exhaust administrative remedies deprives a district court of subject matter jurisdiction.  Artis v. Greenspan, 158 F.3d 1301, 1302 (D.C. Cir. 1998).  A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction, or subject matter jurisdiction.  Randolph v. ING Life Insurance and Annuity Co., ___ F. Supp. 2d ___, 2007 WL 565872, *2 (Feb. 20, 2007) (quoting Artis v. Greenspan, 223 F. Supp. 2d 139, 152 n.1 (D.D.C. 2002)).  In any event, summary judgment would follow anyway, given Plaintiff's failure properly to dispute any of the factual assertions made in the Koch Declaration.  See Plaintiff's Reply To Defendant's Statement Of Material Facts As To Which There Is No Genuine Issue, ¶ 1 (Plaintiff agrees with Defendant's assertion of fact as far as those facts outlined are perceived to be by Mr. Koch."); Defendant's Statement Of Material Facts As To Which There Is No Genuine Issue, ¶ 1 ("The facts outlined in the accompanying Declaration of Scott A. Koch are true and correct").

-3-

attorney to proceed, Plaintiff's attorney himself acknowledged that his earlier request was simply a request for "an update on the status of FOIA request 01570, originally requested in 1997."[3] Koch Decl. Exh. 11.

Because nothing in either letter indicated that Plaintiff was submitting a second FOIA request, rather than merely seeking an update on his 1997 request, the CIA responded accordingly, by letter dated May 23, 2006, attaching a copy of the CIA's April 1, 1998 final post-appeal response to Mr. Porter's request. See Koch Decl., Exh. 12 and Exh. 8. Because the CIA, quite reasonably, did not construe Plaintiff's letters as new FOIA requests, the agency did not undertake a new search for any documents upon receipt of Plaintiff's November 7, 2005 and May 4, 2006 letters. Further, because the CIA's May 23, 2006 letter was not a denial of any FOIA request, no right of appeal existed from that letter; it was simply a response to an inquiry about the status of a prior request. See 32 C.F.R. § 1900.42(a) (right of

---

[3] While it is true that a FOIA request need not be in any particular form, see 32 C.F.R. § 1900.12(a), it must still be recognizable to the Agency as a FOIA request, which Plaintiff's letters requesting information on his prior request were not. See Horowitz v. Peace Corps, 428 F.3d 271, 275 (D.C. Cir. 2005) (FOIA provides that "each agency, upon any request for records which (I) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.") (quoting 5 U.S.C. § 552(a)(3)(A)) (emphasis added).

administrative appeal exists whenever access to any requested
record or any portion thereof is denied, or no records are
located in response to a request).

Plaintiff contends that because the April 1, 1998 letter
attached to the CIA's May 23, 2006 response included a statement
that "there were no documents available to [Plaintiff]," this was
an "adverse determination" under 5 U.S.C. § 552(a)(6)(A)(I),
which triggered anew CIA's obligation to notify plaintiff of his
appeal rights under FOIA.  Pl's Opp. at 10.  This contention,
however, mischaracterizes both FOIA procedure and defendant's
April 1, 1998 response under proper FOIA procedure.  An "adverse
determination" comes in the Agency's response to a new FOIA
request, and not in the stages of appeal following that response.
5 U.S.C. § 552(a)(6)(A)(I) ("Each agency, upon request for
records made under paragraph (1), (2), or (3) of this subsection,
shall – (I) determine within twenty days (excepting Saturdays,
Sundays, and legal public holidays) after the receipt of any such
request whether to comply with such request and shall immediately
notify the person making such request of such determination and
the reasons therefor, and of the right of such person to appeal
to the head of the agency any adverse determination").  As
explained above, the April 1, 1998 letter did not represent a
response to any new FOIA request, but instead was a final, post-
appeal, response to Plaintiff's 1997 FOIA request, which did not

constitute an adverse determination under the FOIA, and from which no additional appeal rights could flow.

Along the same lines, Plaintiff contends that the CIA's May 23, 2006 response to Plaintiff attaching the Agency's April 1, 1998 response should have included a notice of his appeal rights. Pl's Opp. 11-12. Plaintiff appears to argue that because the May 23, 2006 letter did not include such a notice, Plaintiff should be deemed to have constructively exhausted his administrative remedies. Id. This argument fails as well. As set forth above, the May 23, 2006 letter properly set forth no appeal rights because the letter was a response to a request for a status update regarding a prior FOIA request, and was not a substantive response to any post-1997 FOIA request by Plaintiff. As a result, because the Agency had no obligation to notify Plaintiff of his right to appeal in the May 23, 2006 letter, Plaintiff cannot be held to have constructively exhausted his remedies.[4]

_____

[4] Dinsio v. FBI, 445 F. Supp. 2d 305, 310 (W.D.N.Y. 2006), cited by Plaintiff, is not to the contrary. Plaintiff cites Dinsio to support his argument that the May 23, 2006 letter should have included notice of Plaintiff's appeal rights because the April 1, 1998 letter "stated that there were no records responsive to Plaintiff's request." Pl's Opp. at 12. Again, however, Plaintiff had no right to appeal from the April 1, 1998 letter, which represented the Agency's post-appellate response to his 1997 FOIA request. Moreover, even if the Court were to permit Plaintiff to incorporate the April 1, 1998 letter into the May 23, 2006 letter by reference as some type of FOIA denial, there can be no basis not also to incorporate the appeal rights contained in the October 16, 1997 letter referenced in the April 1, 1998 correspondence. See Koch Decl., Exh. 5 and Exh. 8. By any

Moreover, because the CIA treated Plaintiff's August 21, 2006 letter as a new FOIA request, and substantively responded by letter dated October 19, 2006, Plaintiff was required to exhaust his administrative remedies for the new request before filing suit. Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 64 (D.C. Cir. 1990) ("once the agency responds to the FOIA request, the requester must exhaust his administrative remedies before seeking judicial review").

Plaintiff contends that his August 21, 2006 letter was an appeal from the Agency's May 23, 2006 letter to him, which attached the Agency's response to his 1997 request. Pl's Opp. at 2, 13. But as set forth above, no appeal rights flowed from the May 23, 2006 letter, and processing of the 1997 request was completed by April 1, 1998. As a result, Plaintiff had no right to appeal anything with his August 21, 2006 letter, and the Agency properly treated Plaintiff's purported 2006 appeal of the 1997 request as a new FOIA request, and accordingly conducted a new search, during which an additional document was located and released to Plaintiff. Koch Decl. Exhs. 14 and 15. The results of this 2006 search were appealable, and pursuant to regulation, the CIA's October 19, 2006 letter to Plaintiff releasing the additional document advised Plaintiff of the unavailability of

---

calculation, Plaintiff missed the 45-day window for appeal from that letter. See 32 C.F.R. § 1900.42(b).

additional documents, which he could consider a denial, and of his right to appeal to the Agency Release Panel.  Koch Decl. Exh. 15.  That appeal was mandatory, and was required in order for Plaintiff to exhaust his administrative remedies prior to filing this complaint.  Oglesby, 920 F.2d at 64.

**B.    Plaintiff Missed the 6-Year Statute of Limitations for His 1997 FOIA Request.**

Plaintiff apparently contends that his November 7, 2005 letter requesting information on his 1997 FOIA request was within the 6-year statute of limitations for FOIA claims, and "resurrected" the 1997 claim.  Pl's Opp. at 9-10.  This contention, however, is incorrect.  As set forth in Defendant's Memorandum, the FOIA's 6-year statute of limitations begins to run as soon as a claimant can institute and maintain a suit in court.  Spannaus v. Dept. of Justice, 824 F.2d 52, 56 (D.C. Cir. 1987).  The statute of limitations on Plaintiff's 1997 request began to run on April 1, 1998, when the CIA advised Plaintiff of his right to seek judicial review of its denial of his appeal in district court, and expired by April 2004, over two years before Plaintiff filed his complaint with this Court.  See Koch Decl. Exh. 8; Spannaus, 824 F.2d at 55; Aftergood v. CIA, 225 F. Supp. 2d 27 (D.D.C. 2002) (dismissing plaintiff's complaint where statute of limitations on 1995 FOIA claim expired in 2001, five months before plaintiff's lawsuit was filed).  Further, to the

extent that Plaintiff claims that his November 7, 2005 letter somehow "resurrected" his 1997 request, rendering timely a lawsuit with respect to that request, this contention misapprehends the relevant law.

Plaintiff cannot "resurrect" his request after the expiration of the statute of limitations by letter to the Agency seeking an update on his prior request. While Spannaus contemplates that a plaintiff can *restart* the FOIA process by submitting a new request, and beginning the process anew, Plaintiff did not do that here. Spannaus, 824 F.2d at 61; see also Koch Decl., Exh. 9, 11, 12. Allowing a plaintiff to restart the FOIA process through the filing of a new request, as contemplated in Spannaus, is consistent with the purpose of the 6-year statute of limitations, that after a reasonable amount of time has passed, an agency can close out its files and dispose of a denied FOIA request. See id. at 55 ("Applying a statute of limitations to FOIA claims leaves agencies free after a reasonable period to dispose of denied FOIA requests that have never been disputed in court."). Allowing Plaintiff to do an end run around the statute of limitations by entering the FOIA process in the middle – by attempting to appeal, once again, an expired nine-year old request, is not consistent with the purpose of the statute of limitations, and should not be countenanced by this Court. Pl's Exh. 5; Koch Decl. Exh. 13.

-9-

**C.    Plaintiff's "Supplemental Complaint" Theory Is Inapplicable Here.**

Plaintiff also apparently contends that his complaint is somehow the equivalent of the supplemental complaint discussed and allowed in <u>Aftergood</u> v. <u>CIA</u>.  Citing <u>Aftergood</u>, Plaintiff notes that in <u>Spannaus</u>, the Court of Appeals "specifically acknowledg[ed] that a requester can resurrect a FOIA claim and, for all practical purposes, render a dismissal pursuant to the statute of limitations meaningless."  Pl's Opp. at 9.  As a result, Plaintiff appears to argue, the Plaintiff "may file a supplemental complaint that brings new similar claims based on a subsequent similar transaction," and this lawsuit is timely as a result.  <u>Id.</u> (<u>citing</u> <u>Aftergood</u>, 225 F. Supp. 2d at 31).  This argument, however, misapplies both <u>Spannaus</u> and <u>Aftergood</u>, and is inapposite here.

Importantly, Plaintiff has filed no supplemental complaint. In <u>Aftergood</u>, the Plaintiff had already filed a complaint, which he sought to supplement with facts from a new, constructively exhausted FOIA request.  <u>Aftergood</u>, 225 F. Supp. 2d at 30.  Here, Plaintiff apparently contends that his amended complaint should be treated like a supplemental complaint.  There is no reason to do this, however; Plaintiff does not seek to allege any additional facts showing exhaustion from a new, administratively exhausted FOIA request.  Moreover, as set forth above, Plaintiff

did not restart the FOIA process until August 2006 when the CIA
treated his letter as a new request, and did not exhaust that
request; thus, because the <u>Spannaus</u> court's observation that a
Plaintiff could render a dismissal pursuant to the statute of
limitations meaningless required the filing and exhaustion of a
new FOIA request, <u>Spannaus</u> is inapplicable here.  <u>Spannaus</u>, 824
F.2d at 60.

       In addition, Plaintiff's reliance on <u>Aftergood</u> is unavailing
for another reason: the plaintiff in <u>Aftergood</u> was <u>pro</u> <u>se</u>, and
was thus held only to a more lenient standard.  <u>Aftergood</u>, 225 F.
Supp. 2d at 29 (recognizing that the plaintiff filed his
complaint <u>pro</u> <u>se</u>, and was thus "allowed more latitude than
litigants represented by counsel to correct defects in service of
process and pleadings").  Here Plaintiff is, and always has been,
represented by counsel, and is not entitled to such latitude.
Plaintiff's "supplemental complaint" theory fails as well.

       **D.   Plaintiff Failed to Exhaust his Administrative
Remedies.**

       Despite Plaintiff's contentions, the CIA acted properly, and
quite reasonably in this case.  When Plaintiff wrote in to
"request information" on his 1997 FOIA request, the CIA took this
at face value, and interpreted Plaintiff's letter as a request
for information.  Koch Decl. Exhs. 9, 11, 12.  On May 23, 2006,
the CIA provided Plaintiff with a copy of the April 1, 1998

response to his 1997 request.  Koch Decl. Exh. 12.  Because
Plaintiff had no right to appeal from those letters, the CIA
appropriately construed this "appeal" as a new FOIA request, and
undertook a new search for information.  Koch Decl. Exh. 14.  The
CIA found one document in that search, and released that document
to Plaintiff by letter dated October 19, 2006, a letter that
advised Plaintiff of his right to appeal.  Koch Decl. Exh. 15.
Plaintiff, however, ignored that letter, and failed to timely
appeal from it.  As a result, he cannot be found to have either
actually or constructively exhausted his administrative remedies,
and his claims must be dismissed.  Anything else would frustrate
the purpose of exhaustion, to "prevent[] premature interference
with agency processes, so that the agency may function
efficiently and so that it may have an opportunity to correct its
own errors, to afford the parties and the courts the benefit of
its experience and expertise, and to compile a record which is
adequate for judicial review," Weinberger v. Salfi, 422 U.S.
749, 765 (1975).  As a result, because Plaintiff has failed to
exhaust his administrative remedies, his complaint should be
dismissed.

CONCLUSION

For the foregoing reasons, and those set forth in Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment, Plaintiff's complaint should be dismissed, or summary judgment entered in favor of defendant.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

OF COUNSEL:

Vesper Mei
Office of General Counsel
Central Intelligence Agency
Washington, DC  20505

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Reply In Further Support Of Its Motion To Dismiss Or, In The Alternative, For Summary Judgment has been made through the Court's electronic transmission facilities on the 15th day of May, 2007.

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230