### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

```
_____
                                :
MARK S. PORTER,_____          :
                                :
          Plaintiff,            :
                                :
     v.                         :    Civil Action No.
                                :    07-133 (GK)
CENTRAL INTELLIGENCE AGENCY     :
                                :
          Defendant.            :
_____:
```

### MEMORANDUM OPINION

Plaintiff Mark Porter brings this action against Defendant Central Intelligence Agency ("CIA") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended by the Freedom of Information Act of 1986 ("FIRA"), Pub.L. No. 99-570, § 1801-04, 100 Stat. 3207-48, 48-50.

The present matter is before the Court on Defendant's Motion to Dismiss and/or for Summary Judgment pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and/or 56(b) [**Dkt. No. 3**].

Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons set forth below, Defendant's Motion for Summary Judgment [**Dkt. No. 3**] is **granted.**

I.  **BACKGROUND**[1]

Plaintiff filed two separate FOIA requests for the same information: the first request in 1997, and the second in 2006.

A.  **The 1997 FOIA Request.**

Plaintiff Mark Porter submitted a FOIA request to Defendant on July 9, 1997. He requested "all reports, results of investigation, surveillance data, internal memorandum or other documents concerning Mr. Mark S. Porter between the years 1986 and 1991 while Mr. Porter was employed by Bendix Field Engineering Corporation." Def.'s Mot. To Dismiss, Ex. 1 at ¶ 6("Koch Decl.").

In a letter dated October 16, 1997, Defendant notified Plaintiff that it had concluded that no documents were available for release to him under FOIA.  Plaintiff appealed this decision to the Agency Release Panel on October 26, 1997.  On April 1, 1998, Defendant sent a letter to Plaintiff, notifying him that his appeal had been reviewed and that the initial determination had been upheld.  This letter stated that Plaintiff had the "right" to "seek judicial review of this determination in a United States district court."

---

[1] Unless otherwise noted, the facts set forth herein are undisputed and drawn from the parties' Statements of Material Facts submitted pursuant to Local Civil Rule 7(h).

Following that 1998 letter, Plaintiff took no action for more than seven years.[2]   Finally, on November 7, 2005, his attorney wrote to "request information" regarding the original 1997 FOIA inquiry.  On May 23, 2006, Defendant responded by sending Plaintiff a copy of the April 1998 letter that denied his appeal.

**B.   The 2006 FOIA Request and Appeal.**

Plaintiff's attorney responded in an August 21, 2006 letter in which he stated that he was appealing the April 1998 decision.  He also claimed that Plaintiff could "re-file his FOIA request . . . and restart the process," which would "effectively resurrect[] a claim dismissed pursuant to the statute of limitations."  The letter did not explicitly state that it was intended to initiate such a second FOIA request.

Despite this ambiguity, Defendant treated Plaintiff's attempted appeal as a new FOIA request, communicating this decision to Plaintiff in a letter dated September 7, 2006.[3]   The letter outlined the subsequent steps Defendant would take, including a "search for CIA originated records existing through the date of this acceptance letter."

The letter also alerted Plaintiff to the possibility of "unavoidable processing delays" that made it "unlikely" that the

---

[2] Plaintiff took no action between April 1, 1998 and November 7, 2005, a period of seven years, seven months, and six days.

[3] Defendant's September 7, 2006 letter stated that "[s]pecifically, you are requesting another search for all records on your client."

-3-

agency would be able to respond within the statutorily-required twenty-day period.  The letter informed Plaintiff that he was entitled to consider the delay a "denial" of his request, that he could appeal directly to the Agency Release Panel, and that in the absence of such an appeal Defendant would continue to process the request.

When Defendant received no response, it processed Plaintiff's request as an ordinary FOIA inquiry.  Its search produced one document, which it released to Plaintiff with an accompanying letter on October 19, 2006.  The letter informed Plaintiff of his "right to appeal" the determination to the Agency Release Panel, so long as he filed that appeal within forty-five days.  Plaintiff never filed that appeal.

Plaintiff filed this action on January 18, 2007.  He claims that he is entitled to the requested information under FOIA and that Defendant had no basis for denying his request.

## II.  STANDARD OF REVIEW

In a FOIA case, the district court conducts a <u>de novo</u> review of the government's decision to withhold requested documents under any of FOIA's specific statutory exemptions.  5 U.S.C. § 552(a)(4)(B).  Thus, the burden is on the agency to show that nondisclosed, requested material falls within a stated exemption. <u>Petroleum Info. Corp. v. United States Dep't of the Interior</u>, 976 F.2d 1429, 1433 (D.C. Cir. 1992) (citing 5 U.S.C. § 552(a)(4)(B));

-4-

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 254 (1986).  In this
Circuit, the agency is obligated to submit an index of all
responsive material it has withheld, either in whole or in part,
under a FOIA exemption.  <u>Vaughn v. Rosen</u>, 484 F.2d 820, 826-28
(D.C. Cir. 1973).

To survive a motion to dismiss, a plaintiff need only plead
"enough facts to state a claim to relief that is plausible on its
face" and to "nudge[ ] [his or her] claims across the line from
conceivable to plausible."  Bell Atl. Corp. v. Twombly, __ U.S. __,
127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  "[O]nce a claim has
been stated adequately, it may be supported by showing any set of
facts consistent with the allegations in the complaint."  Id. at
1969.

Under the standard set out in Twombly, a "court deciding a
motion to dismiss must not make any judgment about the probability
of the plaintiff's success . . . must assume all the allegations in
the complaint are true (even if doubtful in fact) . . . [and] must
give the plaintiff the benefit of all reasonable inferences derived
from the facts alleged."  Aktieselskabet AF 21. November 2001 v.
Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. 2008) (internal
quotation marks and citations omitted).

Where, as here, the Court must consider "matters outside the
pleading" to reach its conclusion, a Motion to Dismiss "must be
treated as one for summary judgment and disposed of as provided in

-5-

Rule 56." Fed. R. Civ. P. 12(b); see Yates v. District of Columbia, 324 F.3d 724, 725 (D.C. Cir. 2003).

A motion for summary judgment, on the other hand, may be granted "only if" the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c), as amended December 1, 2007; Arrington v. United States, 473 F.3d 329, 333 (D.C. Cir. 2006). In other words, the moving party must satisfy two requirements: first, demonstrate that there is no "genuine" factual dispute and, second, that if there is, it is "material" to the case. "A dispute over a material fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" Arrington, 473 F.3d at 333 (quoting Liberty Lobby, 477 U.S. at 248). A fact is "material" if it might affect the outcome of the case under the substantive governing law. Liberty Lobby, 477 U.S. at 248.

In its most recent discussion of summary judgment, in Scott v. Harris, __ U.S. __, 127 S.Ct. 1769, 1776 (2007), the Supreme Court said,

> [a]s we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 . . . (1986)

-6-

(footnote omitted).   "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Liberty Lobby, 477 U.S. at 247-48 (emphasis in original).

However, the Supreme Court has also consistently emphasized that "at the summary judgment stage, the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 248, 249.  In both Liberty Lobby and Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000), the Supreme Court cautioned that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts, are jury functions, not those of a judge" deciding a motion for summary judgment.  Liberty Lobby, 477 U.S. at 255.

In assessing a motion for summary judgment and reviewing the evidence the parties claim they will present, "[t]he non-moving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Liberty Lobby, 477 U.S. at 255).  "To survive a motion for summary judgment, the party bearing the burden of proof at trial . . . must provide evidence showing that there is a triable issue as to an element essential to that party's claim."

Arrington, 473 F.3d at 335[4]; see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  "[I]f the evidence presented on a dispositive issue is subject to conflicting interpretations, or reasonable persons might differ as to its significance, summary judgment is improper."  United States v. Philip Morris, 316 F. Supp. 2d 13, 16 (D.D.C. 2004) (quoting Greenberg v. FDA, 803 F.2d 1213, 1216 (D.C. Cir. 1986)).

In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981); see also Vaughn, 484 F.2d at 826-28.  Agency affidavits or declarations must be "relatively detailed and nonconclusory . . . ."  SafeCard Services v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991).  Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents."  Id. (internal quotation marks

---

[4] It should be noted that a non-movant's affidavit may suffice to defeat a summary judgment motion if the parties' sworn statements are materially different.  Greene v. Dalton, 164 F.3d 671, 674-75 (D.C. Cir. 1999); Arrington, 473 F.3d at 337.

and citations omitted).  An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements."  Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978) (internal quotation marks and citations omitted).

## III.  ANALYSIS

Defendant's Motion for Summary Judgment should be granted for two reasons.

First, even if Plaintiff's November 2005 request for information is considered an appeal of Defendant's 1998 decision of his 1997 FOIA request, this appeal is barred by the statute of limitations because Plaintiff initiated it more than six years after his cause of action first accrued.

Second, judicial review of Plaintiff's August 2006 FOIA request is precluded because Plaintiff never filed an administrative appeal of Defendant's October 2006 determination, and thus failed to exhaust his administrative remedies.

### A.  An Appeal of Plaintiff's 1997 FOIA Request Is Barred by the Statute of Limitations.

A plaintiff who has exhausted his administrative remedies may bring a civil action in a federal district court as long as he abides by FOIA's six-year statute of limitations. Spannaus v. U.S. Dep't of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987) ("[E]very civil action commenced against the United States shall be barred unless

the complaint is filed within six years after the right of action first accrues.") (citing 28 U.S.C. § 2401(a)).  FOIA's statute of limitations is jurisdictional because "unlike an ordinary statute of limitations," it defines the boundaries of the government's limited waiver of sovereign immunity.  Id.[5]

The statute of limitations begins to run when a cause of action first accrues.  Id.  A cause of action first accrues when the plaintiff has actually or constructively exhausted his administrative remedies and therefore "can institute and maintain a suit in court."  Id. at 56-57.

Where a cause of action is barred by the statute of limitations, a plaintiff may "simply refile his FOIA request tomorrow and restart the process."  Id. at 61.

The right to file a new request or a "substantially similar" supplemental complaint is not unlimited.  First, when neither a new request nor a supplemental complaint has been filed, the statute of limitations bars a suit filed more than six years after the denial (constructive or actual) of the administrative appeal.  See Spannaus, supra, at 58 (where a suit was time-barred when the cause of action accrued more than seven years before the filing of the

_____

[5] Given its critical role in determining whether the government may be sued in federal district court or not, § 2401(a) should be "strictly construed."  Spannaus, 824 F.2d at 55 ("Where clear language restricts our jurisdiction, we may not overturn it merely by invoking spirits and thrusts.").

appeal in federal court); <u>Primorac v. CIA,</u> 277 F. Supp. 2d 117, 120 (D.D.C. 2003).

Second, a plaintiff may <u>effectively</u> resurrect a claim by filing a new FOIA request or filing a supplemental complaint, but in neither case may he <u>actually</u> resurrect the original claims. <u>See</u> <u>Spannaus</u>, 824 F.2d at 61 (acknowledging that a plaintiff may "refile" a FOIA request "decade after decade," which will "restart" the process with each filing, but disallowed as time-barred an appeal of the agency's earlier decision rather than filing a new request); <u>Aftergood v. CIA</u>, 225 F. Supp. 2d 27, 31 (D.D.C. 2002) (permitting a supplemental complaint that brings new similar claims based on a subsequent similar transaction "so long as the complaint no longer includes the claims relating to the now-expired 1995 FOIA request"). The new claims must "replace [not resurrect] the time-barred" ones. <u>Id.</u> (citing <u>Spannaus</u>, 824 F.2d at 61 n.2).

Third, all new requests and supplemental complaints remain subject to the exhaustion requirement. <u>See</u> <u>Aftergood</u>, 225 F. Supp. at 31. Plaintiff argues that his November 7, 2005 letter of inquiry was a "timely" appeal. It was not. He sent that letter more than seven years and seven months after Defendant informed him on April 1, 1998 that his appeal had been denied, long after the six-year statute of limitations had expired on his July 9, 1997 request. Though Plaintiff retains the right to file a new request, he may not resurrect the old 1997 request simply by referencing it in a

letter of inquiry.  Because his November 2005 letter did not replace time-barred claims with new ones, his attempt to appeal his 1997 FOIA request is barred by the statute of limitations.

In addition, the November 7, 2005 letter did not initiate a new FOIA request, nor could it have requested permission of this Court to file a supplemental complaint.  It states unequivocally that its purpose was to "request information" regarding the 1997 request.  It includes no language that could be construed as initiating a new request.  Thus, the November 7, 2005 letter does not insulate Plaintiff from application of the statute of limitations.

### B.   Plaintiff Failed to Exhaust His Administrative Remedies for the August 21, 2006 FOIA Request.

A plaintiff is "generally required" to exhaust his administrative remedies before he files a suit in federal court." Hidalgo v. FBI, 344 F.3d 1256, 1258 (D.C. Cir. 2003) (quoting Oglesby v. United State Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990); Spannaus, 824 F.2d at 58 ("It goes without saying that exhaustion of remedies is required in FOIA cases.").

The exhaustion requirement is not jurisdictional.  Wilbur v. CIA, 355 F.3d 675, 677 (D.C. Cir. 2004).[6]  Nonetheless, a court may dismiss a case if a plaintiff fails to exhaust his administrative remedies and if "the purposes of exhaustion" and the "particular

---

[6] Failure to exhaust is not a jurisdictional bar because FOIA "does not unequivocally make it so."  Wilbur, 355 F.3d at 677 (quoting Hidalgo, 344 F.3d at 1258).

administrative scheme" support denying judicial review to the plaintiff.  Hidalgo, 344 F.3d at 1259; see also Oglesby, 920 F.2d at 61 ("[C]ourts usually look at the purposes of exhaustion and the particular administrative scheme in deciding whether they will hear a case or return it to the agency for further processing.") (citing McKart v. United States, 395 U.S. 185, 193 (1969)).

The purposes of exhaustion include "preventing premature interference with agency processes, affording the parties and the courts the benefit of the agency's experience and expertise, or compiling a record which is adequate for judicial review." Hidalgo, 344 F.3d at 1259 (internal citations omitted).

Failure to exhaust administrative remedies under FOIA may also preclude judicial review due to the specific nature and requirements of this "particular administrative scheme."[7]  As Hidalgo made clear, FOIA's specific administrative procedures, clear deadlines for processing requests, and detailed provisions on appeal all suggest that FOIA is an administrative scheme that not only requires exhaustion of administrative remedies, but also permits a court to dismiss a case when those exhaustion requirements are not met.  Id. (citing Sinito v. United States

---

[7] Allowing a plaintiff who circumvents a detailed administrative scheme to seek judicial review in federal court would be "contrary to 'orderly procedure and good administration.'"  Dettmann v. United States Dep't of Justice, 802 F.2d at 1476 n.8 (internal citations omitted).  It would also be "unfair" because it would take away from an agency an issue that it "never had a fair opportunity to resolve prior to being ushered into litigation." Id.

<u>Dep't of Justice</u>, 176 F.3d 512, 516 (D.C. Cir. 1999)); <u>Oglesby</u>, 920 F.2d at 61-62 (citing <u>Dettmann v. United States Dep't of Justice</u>, 802 F.2d 1472, 1477 (D.C. Cir. 1986); <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367-68 & n.3 (11th Cir. 1994)).

The CIA requires appeals of FOIA decisions to be filed with the Agency Release Panel within forty-five days of the agency's initial determination. <u>Wilbur</u>, 355 F.3d at 677 (citing 32 C.F.R. § 1900.42).[8]  Plaintiff argued in his August 21, 2006 letter that he had the power to "resurrect" any previously-filed claims, regardless of whether those claims were barred by the statute of limitations.  Though he does not say so explicitly, he implied that "resurrection" relieves him of the burden of exhausting his administrative remedies.  He is incorrect.

If Plaintiff's version of the law was correct, the statute of limitations would be rendered a nullity, as it could never prevent a claim from being filed.  A plaintiff could "resurrect" his time-barred claims--exhausted years or even decades before--and simultaneously evade both the statute of limitations and the exhaustion requirement.

As <u>Spannaus</u> notes, though the statute of limitations may have limited practical effect, it is not entirely powerless.  <u>See</u> 824 F.2d at 61.  A new request for information substantially similar to

---

[8] The CIA has the discretion to extend the deadline for filing an appeal by thirty days upon showing of good cause. <u>See</u> 32 C.F.R. § 1900.42.

a time-barred request only survives the statute of limitations if new claims replace time-barred ones. <u>Aftergood</u>, 225 F. Supp. 2d at 30. Even if new requests are added, each new filing requires exhaustion. <u>Hidalgo</u>, 344 F.3d at 1258. FOIA does not include an exception to the exhaustion requirement for new claims that reference time-barred ones.

Here, Defendant understood Plaintiff's August 21, 2006 letter to be a new FOIA request and, as a result, Plaintiff was required to exhaust his administrative remedies with respect to the new 2006 request.[9] Defendant reasonably interpreted this letter as a new request and began to process it accordingly. Thus, the statute of limitations would not bar Plaintiff's claim because it is a new one.

Yet even if a new request based on substantially similar information is not barred by the statute of limitations, it must still comply with the exhaustion requirement. Defendant's

---

[9] Plaintiff's letter does not clearly state whether it is intended to be a new request. It states that Plaintiff "appeal[s]" the Defendant's 1998 determination, but it also states that "[n]othing prevents" Plaintiff from "requesting the same withheld documents decade after decade . . . ." Defendant interpreted this letter to be a second request, and it informed Plaintiff of this interpretation in its September 7, 2006 letter. Until he filed this suit, Plaintiff never answered or challenged Defendant's interpretation of the ambiguous August 26, 2006 letter. Even if Defendant mistakenly construed Plaintiff's August 21, 2006 letter as a new FOIA request, Plaintiff still would not survive the Motion for Summary Judgment. If the letter was not a new FOIA request and was instead intended as an appeal of Defendant's 1998 decision, it would be barred by the statute of limitations because it attempted to appeal Defendant's decision from more than six years before. <u>See</u> <u>supra</u> III.A.

September 7, 2006 letter acknowledged the possibility that it would not be able to respond to Plaintiff within the statutorily-prescribed period, and it advised Plaintiff that he could seek direct review to the Agency Release Panel.  He never sought appeal and thus failed to comply with the exhaustion requirement.

Defendant's October 19, 2006 letter informed Plaintiff that it had processed Plaintiff's August 21 request, and it enclosed the one document that resulted from its search.  The letter advised Plaintiff that he had the "right" to appeal the determination to the Agency Release Panel within forty-five days.  Though FOIA's detailed administrative scheme required Plaintiff to file that appeal prior to seeking judicial review of the agency determination, he never did.  Instead, Plaintiff filed a complaint in this court on January 18, 2007.

Plaintiff therefore failed to exhaust the mandatory administrative remedies available to him.  Unlike Wilbur, Plaintiff did not "pursue[] the administrative review process to its end," but instead opted to bypass that process.  As in Hidalgo, the purposes of the exhaustion requirement would be undermined if Plaintiff could seek judicial review before he has pursued the appeal required by the agency's FOIA regulations.

Therefore, granting Defendant's Motion for Summary Judgment is consistent with the purposes of exhaustion and with FOIA's detailed administrative scheme.

IV.   **CONCLUSION**

For the reasons set forth above, Defendant's Motion for Summary Judgment **[Dkt. No. 3]** is granted.


_/s/_____
September 30, 2008              Gladys Kessler
                               United States District Judge

**Copies to: Attorneys of record via ECF**